**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.**

RYAN BIRMINGHAM, ROMAN LEONOV,
MITCHELL PARENT, JONATHAN ZARLEY          **CLASS ACTION**
STEVEN HANSEN AND JOHN DOES 1-30,
INDIVIDUALLY, AND ON BEHALF OF ALL
OTHERS SIMILARLY SITUATED,

                                          **JURY TRIAL DEMANDED**
              Plaintiffs,

v.

ROFX.NET, AURO ADVANTAGES LLC, AWARE
CHOICE LTD., BOONRUK RUAMKIT CO., LTD.,
BRASS MARKER S.R.O., EASY COM LC,
EPAYMENTS SYSTEMS LTD., ESTER
HOLDINGS INC., GLOBAL E-ADVANTAGES,
GROVEE, LLC, IGORIA TRADE SPOLKA
AKCYJNA, IT OUTSOURCING CO., LTD., NOTUS
LLC, SHOPOSTAR, LLC, VDD-TRADING, LTD.,
WEALTHY DEVELOPMENTS LP, ANDREI
FETIN, ANNA SHYMKO, ANTON BILOUS,
BORYS KONOVALENKO, DMYTRO FOKIN,
JORGE LUIS CASTILLO, MANUCHAR
DARASELIA, MIKHAIL RYMANOV, NATALIA
LOS, NATTPEMOL KRINARA, PAPAHRATSOR
NRVIRATPORN, PETER MOGILNIY, STANISLAV
KHOMENKO, YOURAS ZIANKOVICH AND
JOHN DOES 1-30,

              Defendants.

_____/

**<u>VERIFIED CLASS ACTION COMPLAINT</u>**

Plaintiffs Ryan Birmingham, Roman Leonov, Mitchell Parent, Jonathan Zarley, Steven

Hansen and John Does 1-30, individually, and on behalf of all others similarly situated

("Plaintiffs"), bring suit against ROFX.net, Auro Advantages LLC, Aware Choice Ltd., Boonruk

Ruamkit Co., Ltd., Brass Marker s.r.o., Easy Com LC, Epayments Systems Ltd., Ester Holdings

Inc., Global E-Advantages LLC, Grovee, LLC, Igoria Trade S.A., IT Outsourcing Co., Ltd., Notus

LLC, Shopostar, LLC, VDD-Trading, Ltd., Wealthy Developments LP, Andrei Fetin, Anna Shymko, Anton Bilous, Borys Konovalenko, Dmytro Fokin, Jorge Luis Castillo, Manuchar Daraselia, Mikhail Rymanov, Natalia Los, Nattpemol Krinara, PapahraTsor Nrviratporn, Peter Mogilniy, Stanislav Khomenko, Youras Ziankovich and John Does 1-30 (collectively "Defendants" or "ROFX" as applicable) and allege:

## I.   NATURE OF THE ACTION

1.      Defendants orchestrated a massive international scheme to defraud Plaintiffs and similarly situated investors by soliciting them to deposit money or cash equivalents with ROFX, a "robotically operated foreign exchange trading" platform that purportedly utilized algorithms to trade on behalf of investors.  In exchange for the funds, Defendants falsely promised a return on investment in the form of a percentage of ROFX's daily trading profit that never came to pass. After maximizing their current account balances and creating the illusion of stability for in excess of two years, ROFX distributed little profit to its investors, prevented investors from making withdrawals, and thereafter stole all remaining investment capital to perpetuate a massive fraud that is global in scope.

2.      Defendants' conduct set forth in this Verified Complaint occurred as early as 2016 and has continued to the present.  As a consequence of Defendants' fraudulent scheme, Plaintiff and the class members suffered significant harm, losing tens of millions of dollars by investing with ROFX under the false impression that they were investing with a legitimate foreign exchange trading platform.

3.      Significantly, each Plaintiff in the class has been the victim of the same false and fraudulent representations of material fact resulting in the theft of each of their investment capital.

4.      Plaintiff now brings this emergency action for fraud pursuant to Federal Rule of Civil Procedure 23 on behalf of a global class of ROFX investors.  In addition to damages, including costs of suit, interest, and reasonable attorneys' fees resulting from Defendants' fraudulent conduct, unjust enrichment and violations of federal RICO statutes, Plaintiffs, on behalf of the class, seek injunctive relief to maintain the status quo and preserve assets for the victims of this fraudulent scheme.  Specifically, Plaintiffs seek an immediate order: (i) freezing all ROFX assets and enjoining and restraining Defendants from dissipating or encumbering any of these assets; (ii) preventing the destruction of financial records and any other relevant documents; and (iii) permitting expedited discovery into the facts alleged herein.

5.      The aforementioned emergency relief is warranted to halt the fraud and prevent Defendants from distributing Plaintiffs' assets in an unfair and inequitable manner.

6.      Plaintiffs have retained the law firm of Holland & Knight LLP to represent them and the class, and such firm is entitled under applicable law to seek attorneys' fees from ROFX as provided herein.  Annexed hereto as Appendix A are letters in support from roughly 300 victims who have contacted Holland & Knight to be represented, and who each and all request and support class status and for Warren E. Gluck to act as class counsel.  Appendix A further includes details concerning the wide-ranging and international victim set and their claims for amounts invested, an amount significantly smaller than their last reported ROFX account balances, in excess of $15 million and growing.[1]

---

[1] The information contained herein is based upon hundreds of complaints that have been transmitted to counsel by victims since the ROFX website was taken off its hosting platform on September 17, 2021.  Given the ongoing nature of the investigation, this information is subject to revision.

II.   **PARTIES**

    A.   **Plaintiffs**

7.    Plaintiffs Ryan Birmingham, Roman Leonov, Mitchell Parent, Jonathan Zarley, and Steven Hansen are ROFX.net investors and citizens of the United States of America.

8.    Many similarly situated investors to Birmingham, Leonov, Parent, Zarley, and Hansen are listed in Appendix A.  Further, letters in support of forming a class from many other similarly situated investors to Birmingham, Leonov, Parent, Zarley, and Hansen are attached in Exhibit 1.

    B.   **Defendants**

9.    Defendant ROFX.net is an unincorporated entity providing unregulated financial services through its web-based platform to investors around the world, with registered addresses at 1200 Brickell Ave Suite 1500, Miami, FL 33131, USA; Tower 42, 265 Old Broad St, London, United Kingdom, ECN 1HN; and Hong Kong Trade Centre, 161-167 Des Voeux Road Central, Central, Hong Kong, China.  ROFX.net conducts business throughout the state of Florida and, specifically, within the Southern District of Florida, where it received substantial revenue while operating out of 1200 Brickell Ave Suite 1500, Miami, FL 33131.  ROFX.net, Mr. Castillo, and Mr. Mogilniy, who are all set forth in ¶¶10-11, are collectively referred to herein as "ROFX."

10.    Upon information and belief, Jorge Luis Castillo is a current, or former, owner of ROFX.net.

11.    Upon information and belief, Peter Mogilniy is current, or former, owner and manager of ROFX.net.

12.    Defendant Notus LLC is a dissolved Colorado foreign limited liability corporation (#20141654882) whose former principal office address was 3801 East Florida Avenue, Suite 400, Denver, Colorado 80210.  Notus LLC is an entity into which ROFX investor funds were deposited.

Notus LLC, Mr. Konovalenko, Ms. Los, Mr. Ziankovich, and Ms. Shymko, who are all set forth in ¶¶13-16, are collectively referred to herein as "Notus."

13.    Upon information and belief, Borys Konovalenko is, or was, a director of Notus LLC during the relevant time period.

14.    Upon information and belief, Natalia Los is, or was, a director of Notus during the relevant time period.

15.    Upon information and belief, Youras Ziankovich is, or was, a director of Notus LLC during the relevant period.

16.    Upon information and belief, Anna Shymko is, or was, a member of Notus LLC during the relevant period.

17.    Defendant Wealthy Developments LP (SL021493) is a Scottish Limited Partnership whose stated principal place of business is Suite 11, 4 Queen Street, Edinburgh, Scotland, EH2 1JE.  Wealthy Developments LP is an entity into which ROFX investor funds were deposited.  Wealthy Developments LP and Mr. Bilous, set forth in ¶18, are collectively referred to herein as "Wealthy."

18.    Upon information and belief, Anton Bilous, is a citizen of Ukraine and has an address of Suite 1, 4 Queen Street, Edinburgh, Scotland, EH2 1JE.   Mr. Bilous has significant ownership and/or control over Wealthy Developments LP.

19.    Defendant Easy Com LC is a limited company whose stated principal place of business is 155 Fleet St, Portsmouth, NH 03801.  Easy Com LC is an entity into which ROFX investor funds were deposited.  Easy Com LC, Mr. Khomenko, and Ms. Shymko, set forth in ¶¶ 20-21, are collectively referred to herein as "Easy Com."

20. Upon information and belief, Stanislav Khomenko, an attorney licensed to practice law in the states of New York and Florida, is, or was, a member of Easy Com LC.

21. Upon information and belief, Anna Shymko is, or was, a member of Easy Com LC.

22. Defendant VDD-Trading, Ltd. is a limited company (SC596964) whose registered place of business is 101 Rose str. South Lane, Edinburgh, Midlothian, United Kingdom, EH23IG. VDD-Trading, Ltd., Mr. Fokin and Mr. Daraselia, set forth in ¶¶ 23-24, are collectively referred to herein as "VDD."

23. Upon information and belief, Dmytro Fokin is, or was, a director of VDD-Trading, Ltd. during the relevant period.

24. Upon information and belief, Manuchar Daraselia is, or was, a director of VDD-Trading Ltd. during the relevant period.

25. Defendant Epayments Systems Ltd. (#08135141) is a private limited company with a registered office address at 33 Cavendish Square, London, England, W1G 0PW. Epayments Systems Ltd. is an entity into which ROFX investor funds were deposited. Epayments Systems Ltd., Mr. Fetin, and Mr. Rymanov, set forth in ¶¶ 26-27, are collectively referred to herein as "Epayments."

26. Upon information and belief, Andrei Fetin is, or was, a director of Epayments Systems Ltd. during the relevant period.

27. Upon information and belief, Mikhail Rymanov is, or was, a director of Epayments Ltd. during the relevant period..

28. Defendant Brass Marker s.r.o. ("Brass Marker") is, or was, a Czech limited liability company (#0691855) whose principal place of business is Na Folimance 2155/15, Vinohrady, 120

00 Praha 2, Czech Republic.  Brass Marker is an entity into which ROFX investor funds were deposited.

29.     Defendant IT Outsourcing Co., Ltd. is, or was, a Thai limited company (#0855564000105) whose stated principal place of business is 520/3 Mu 3., Bang Non, Sub District, Mueng Ranong District, Ranong 85000, Thailand.  IT Outsourcing Co., Ltd. is an entity into which ROFX investor funds were deposited.  IT Outsourcing Co. Ltd., Mr. Krinara, and Mr. Nrviratporn, set forth in ¶¶ 30-31, are collectively referred to herein as "IT Outsourcing."

30.     Upon information and belief, Nattpemol Krinara is, or was, a board member of IT Outsourcing Co., Ltd.

31.     Upon information and belief, PapahraTsor Nrviratporn is, or was, a board member of IT Outsourcing Co., Ltd.

32.     Defendant Boonruk Ruamkit Co., Ltd. ("Boonruk Ruamkit") is a Thai limited company (#0825560001034) whose stated principal place of business is 131/5 Montri Rd., Tai Chang, Mueng, Phang-Nga 82000, Thailand.  Boonruk Ruamkit Co., Ltd. is an entity into which ROFX investor funds were deposited.

33.     Defendant Grovee, LLC ("Grovee") is a Delaware limited liability company whose stated principal place of business is 717 N Union St., Suite 45, Wilmington, DE 19805, United States.  Grovee, LLC is an entity into which ROFX investor funds were deposited.

34.     Defendant Shopostar, LLC is, or was, a Colorado limited liability company whose stated principal place of business at 7887 E Belleview Ave, Ste 1100, Englewood, CO 80111. Shopostar, LLC is an entity into which ROFX investor funds were deposited.  Shopostar, LLC, Mr. Ziankovich, and Mr. Konovalenko, set forth in ¶¶ 35-36, are collectively referred to herein as "Shopostar."

35.     Upon information and belief, Youras Ziankovich is, or was, a director of Shopostar, LLC during the relevant period.

36.     Upon information and belief, Borys Konovalenko is, or was, a director of Shopostar, LLC during the relevant period.

37.     Defendant Aware Choice Ltd. is a dissolved private limited company whose registered address is 8585 Great Portland Street, London, United Kingdom W1W 7LT.  Aware Choice Ltd. is an entity into which ROFX investor funds were deposited.  Aware Choice Ltd. (along with Mr. Fokin, set forth in ¶ 38) are collectively referred to herein as "Aware Choice."

38.     Upon information and belief, Dmytro Fokin is, or was, a director of Aware Choice Ltd.

39.     Defendant Global E-Advantages LLC ("Global E-Advantages") is a Delaware foreign limited liability corporation (DOS ID #5673056) with a DOS process address at 55 14th Avenue, North Tonawanda, NY, 14120.  Global E-Advantages is an entity into which ROFX investor funds were deposited.

40.     Defendant Auro Advantages LLC ("Auro") is a Delaware limited liability company whose registered agent's address is 251 Little Falls Drive, Wilmington, DE 19808, USA.  Auro is an entity into which ROFX investor funds were deposited.

41.     Defendant Ester Holdings Inc. ("Ester") is a now deregistered (former registration #40158) British Virgin Islands company with a principal place of business at Lefkou Anastasiadi 8, Nicosia 2012, Cyprus.  Ester acted as ROFX's broker during the relevant time period.

42.     Defendant Igoria Trade Spolka Akcyjna ("Igoria") is a Polish financial services company, Pulawska 111A/109 Warsaw, Mazowieckie, Poland.  Igoria is an entity into which ROFX investor funds were deposited.

43.     ROFX, Auro, Aware Choice, Boonruk Ruamkit, Brass Marker, Easy Com, Epayments, Ester, Global E-Advantages, Grovee, IT Outsourcing, Igoria, Notus, Shopostar, VDD-Trading, and Wealthy all operated in concert to defraud Plaintiffs of millions of dollars.

## III.   JURISDICTION AND VENUE

44.     Upon information and reasonable belief, the proposed class consists of hundreds of members from Florida and states or countries other than Florida.  In the aggregate, these proposed class members seek over $50,000,000 in damages, exclusive of costs and interest.

45.     This Court has jurisdiction pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d), because the proposed class consists of 100 or more members; the amount in controversy exceeds $5,000,000, exclusive of costs and interest; and minimal diversity exists. Pursuant to 28 U.S.C. § 1331, this Court also has jurisdiction over the claims brought under 18 U.S.C. § 1961 et seq. ("RICO") because they arise under the laws of the United States.  This Court also has jurisdiction over the state law claims because they are so related to the RICO claims as to form part of the same case and controversy.

46.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because ROFX resides and does business within this district and a substantial part of the events and omissions giving rise to Plaintiffs' claims occurred within this district.

47.     All conditions precedent to the institution and maintenance of this action have been satisfied or waived.

## IV.   UNLAWFUL CONDUCT

### A.     The Framework For The Unlawful Scheme

48.     ROFX is a digital trading platform that purports to utilize "Robot Forex Trading" to make trades for investors.  A forex robot is trading software that uses an algorithm to look for

and enter into trades, acting as a trader or advisor to make trading decisions for the investor.  In short, a forex robot allows an investor to trade in a fully automated manner.

49.     ROFX's website describes its forex robot platform as a "fully automated Forex trading solution," and touts that "YOU NO LONGER NEED ANY SPECIAL KNOWLEDGE, OR TRADING EXPERIENCE!":



50.     ROFX does not require an investor to open a brokerage account.  An investor establishes a ROFX trading account by providing ROFX with a name, driver's license and bank account information.

51.     Upon information and belief, to obtain investors during the class period, ROFX advertised with mainstream media outlets such as Facebook and Google and consumer review websites such as Trustpilot, often flooding these sites with positive reviews.



52.    In or around October 2020, Yahoo Finance and the Associated Press released information showing ROFX's approach to investing and touting Warren Buffet's interest in investing in ROFX.

**B.    Details of the Unlawful Scheme**

53.    ROFX's website contained multiple contact numbers in the United States, Hong Kong and the United Kingdom as well as a live chat function to field questions.

54.    Upon reaching out to ROFX through these channels to ascertain the level of safety of investors' deposits with ROFX, Plaintiffs were promised that their money "couldn't be safer" and that "no one has ever lost money."

55.    To further mislead investors, ROFX falsely advertised that they offered a Percentage Allocation Management Module or "PAMM" service option.  A PAMM is a form of pooled money forex trading where an investor allocates money in desired proportions to qualified traders or money managers of their choosing who, in turn, make trades of multiple investors on a single account.  By advertising this option, ROFX misled investors by giving them a false sense

of security that the services they offered were legitimate and that investments were safe. When asked about the PAMM service option via the ROFX customer service numbers, ROFX informed Plaintiffs that this option was only available if at least $5 million was invested with ROFX. In reality, this option was not available to any customers and was simply used as a tool to lull skeptical investors into a false sense of security such that they would deposit money in furtherance of the scheme.

56.    Following the establishment of an account, an investor was given the option of locking in their investment for a certain period of time, wherein the investor must wait until the lock period established by the package expires before being eligible to withdraw. Plaintiffs were also given the option to select one of five "No Lock Period" packages consisting of the following:

a)    "NO LOCK Trial" which requires an initial investment of $1,000-$5,000 payable in USD or EUR and payment of a performance fee of 65%. In exchange, the investor is promised a 35% share in the daily trading profit;

b)    "NO LOCK Easy start" which requires an initial investment of $5,000-$10,000 payable in USD or EUR and payment of a performance fee of 55%. In exchange, the investor is promised a 45% share in the daily trading profit;

c)    "NO LOCK Moneymaker" which requires an initial investment of $10,000-$50,000 payable in USD or EUR and payment of a performance fee of 40%. In exchange, the investor is promised a 60% share in the daily trading profit;

d)    "NO LOCK Gold" which requires an initial investment of $50,000-$100,000 payable in USD or EUR and payment of a performance fee of 30%. In exchange, the investor is promised a 70% share in the daily trading profit;

e)    "NO LOCK VIP" which requires an initial investment of $100,000 payable in USD or EUR and payment of a performance fee of 20%. In exchange, the investor is promised a 80% share in the daily trading profit.



57.    In reality, regardless of the package selected, while some limited withdrawals were permitted, ROFX did not permit its investors to withdraw money at their discretion.

58.    ROFX also permitted investors to fund an account with the cryptocurrency Bitcoin or "BTC".

59.    During the class period, deposits into ROFX investor accounts (in USD or EUR) were wired from Plaintiffs' personal bank accounts at legitimate financial institutions around the world, including the United States, Hong Kong, South Korea, Thailand, Latvia and Poland, to shell companies with accounts at legitimate financial institutions.

60.    During the class period, the shell companies for these deposits, or "[b]eneficiary" accounts as they are called, include, but are not limited to the following: (i) Notus LLC, (ii) Grovee, LLC, (iii) Easy Com LLC, (iv) Shopostar, LLC, (v) Aware Choice Ltd., (vi) Global E-Advantages LLC, (vii) Auro Advantages LLC, (viii) VDD-Trading Ltd. (UK), (ix) Wealthy Developments LP

(UK), (x) EPayments Systems Ltd. Clients Funds (UK), (xi) Brass Marker s.r.o. (Czech Republic), (xii) IT Outsourcing Co., Ltd. (Thailand); and (xiii) Boonruk Ruamkit Co., Ltd. (Thailand).

61.     Once funds are wired to ROFX, an investor can view his or her daily profit intake as reported by ROFX.net, which lists the daily "Performance fee" and "[p]rofit from [p]ackage ID."

62.     During the class period, ROFX claimed to be posting all trades to Myfxbook.com on a daily basis, a website that connects with forex trading accounts and is designed to help traders analyze their own portfolio and compare it to professional statistics in order to validate trading decisions, giving the ROFX trading activity the appearance of legitimacy.

63.     Upon information and belief, Ester was the entity that posted ROFX trades to Myfxbook.com during the class period.  An attempt by at least one Plaintiff to confirm this fact was met with uncertainty as ROFX would neither confirm nor deny its involvement with Ester. Further, inquiries by Plaintiffs as to the brokerages utilized by ROFX were unsuccessful as ROFX replied that they could not provide the information.

**C.**     **ROFX 1.0 & 2.0 Algorithms**

64.     In or around April 2021, through its website and emails, ROFX started to advertise a new trading algorithm to existing investors.  The algorithm investors had been using up until that time was called 1.0 by ROFX - the new algorithm was called 2.0.

65.     According to ROFX, 1.0 returns had purportedly averaged approximately 0.35-0.38% every day.  ROFX claimed that the new and improved 2.0 algorithm would average 0.97% return per day.

66.     At around the same time, ROFX announced an initial coin offering ("ICO"), set to launch on June 1, 2021.

14

67.     Investors who wanted to use 2.0 had to buy tokens ahead of the ICO.  The ICO section of ROFX's website stated that the tokens would only be offered in April and that ROFX would sell 100 million tokens in April only (out of an outstanding 1 billion tokens).  The tokens were sold by ROFX at a one to one ratio with the US dollar.  However, ROFX investors with larger investments were told by ROFX that they could get discounts depending on the size of their investment.

68.     In or about April 2021, ROFX's ICO web page started showing the number of investors who were buying into the pre-ICO token offering.  ROFX's website displayed the number of tokens being purchased daily, with all 100 million tokens sold by the end of April 2021.

69.     In May, ROFX announced that, due to the popularity of the pre-ICO token offer, ROFX would offer another 100 million tokens for purchase.  The ROFX website indicated that all 200 million tokens had been sold ahead of the ICO.

70.     In or around the beginning of June 2021, on the day the ICO was set to happen, ROFX announced that the ICO was delayed until January 2022.  In an email to investors, ROFX explained: "We would like to have you informed that due to delay in compliance procedure conducted by the financial authorities, the ICO date is rescheduled to January 3, 2022. (Or earlier, if possible.)  Delay is caused by Coronovirus pandemic, that has slowed the compliance process in general and as a result compliance schedules have moved."

71.     ROFX announced that anyone who wanted to convert their tokens back into US dollars had to commit to a 120 day trading lock-up period (a package called Advanced Compound).

72.     Defendants defrauded Plaintiffs by intentionally misleading them into purchasing tokens for an ICO that was never intended to happen.  Defendants then stole this money, diverting it to fraudsters around the world.

### D. **Inability To Withdraw Funds**

73.     ROFX represented on its website that an investor "can withdraw [an] available balance any time.  In case [investor] make[s] a withdrawal when [investor's] package has expired, bank commission is paid by our company. If [investor] make[s] a profit withdrawal of a non-expired package, bank commission is paid by a Recipient."

74.     ROFX also represented that "[b]ank transfer withdrawal may take up to 5 business days depending on the bank" and "[b]itcoin withdrawal requests are processed within 24 hours starting from the next business day."  Further, "[o]nly one active withdrawal request at a time is allowed for each payment method."

## WITHDRAW MONEY

You can withdraw your available balance any time. In case you make a withdrawal when your package has expired, bank commission is paid by our company.

If you make a profit withdrawal of a non-expired package, bank commission is paid by a Recipient.

RoFx doesn't charge ANY commission from withdrawals.

Bitcoin withdrawal requests are processed within 24 hours starting from the next business day.

Bank transfer withdrawal may take up to 5 business days depending on the bank.

The minumum amount for withdrawal is 1000 USD/EUR. Lesser amounts can be withdrawn in BTC by using an option Exchange in your account menu.

Only one active withdrawal request at a time is allowed for each payment method.

75.     Despite these representations, Plaintiffs were unable to withdraw funds from their accounts.

76.    In many cases, ROFX.net told Plaintiffs seeking to withdraw funds that their accounts were under an "AML" or anti-money laundering inspection and ROFX did not know how long the investigation was going to take.

77.    Continued inquires by investors as to the status of withdrawals often generated requests by ROFX for documentation "to verify compliance in accordance with AML Policy." These requests included "[a] high-resolution scanned copy or photograph of the pages of a passport or any other national ID card showing the last name and first name, date and place of birth, passport number and customer signature" and a "copy of utility bills (landline phone, water, electricity) in high resolution for the last 3 months."  Upon supplying the requested information Plaintiffs' withdrawal requests remained pending, and continue to remain so to this day.

78.    On or around September 16, 2021, the Plaintiffs first learned that the ROFX website was not accessible.  Upon inquiry, ROFX's customer service line explained that the domain was being serviced.  On or about the same day, Plaintiffs noticed that entities to which money was wired for deposit with ROFX were no longer active.

79.    On or around September 17, 2021, ROFX's website was taken off its hosting platform and ROFX's customer service number was disconnected.  On or around September 19, 2021, Plaintiffs first learned that federal authorities had frozen ROFX's assets.

80.    In fact, ROFX robotically operated foreign exchange trading platform was nothing more than a front for a massive fraudulent scheme aimed at stealing Plaintiffs' investment capital.

V.    CLASS ACTION ALLEGATIONS

81.    Plaintiffs brings this action both on behalf of themselves and as a class action pursuant to Federal Rule of Civil Procedure 23, on behalf of the following class members (the "Class").  Excluded from this Class are: (1) Defendants, any entity or division in which Defendants

have a controlling interest, and their legal representatives, officers, directors, assigns, and successors; and (2) the judge to whom this case is assigned and the judge's staff.

82.     Plaintiffs reserve the right to amend the Class definition if further information and discovery indicates that the Class definition should be narrowed, expanded, or otherwise modified, including but not limited to the creation of subclasses, if necessary.

83.     Certification of Plaintiffs' claims for class-wide treatment is appropriate because Plaintiffs can prove the elements of their claims on a class-wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claim.

84.     **Numerosity – Federal Rule of Civil Procedure 23(a)(1):**  The members of the Class are so numerous and geographically dispersed that individual joinder of all Class members is impracticable.  While Plaintiffs believe that there are tens of thousands of members of the Class, the precise number of Class members is unknown to Plaintiffs, but may be ascertained from ROFX's books and records.

85.     **Commonality and Predominance – Federal Rule of Civil Procedure 23(a)(2) and 23(b)(3):** This action involves common questions of law and fact which predominate over any questions affecting individual Class members including, without limitation:

> a.   Whether ROFX engaged in the conduct alleged herein;
>
> b.   Whether Plaintiffs and the other members of the Class were injured by ROFX's conduct and, if so, the appropriate class-wide measure of damages for Class members; and
>
> c.   The scope of any injunctive and non-monetary relief to which Plaintiffs and the other Class members are entitled.

86.    **Typicality – Federal Rule of Civil Procedure 23(a)(3):** Plaintiffs' claims are typical of the claims of the Class because, among other things, all Class members were comparably injured through ROFX's fraudulent conduct as described herein.  All Class members invested with ROFX because they were falsely promised a return on investment in the form of a percentage of ROFX's daily trading profit that never came to pass.  In reality, ROFX distributed little profit to its investors, prevented investors from making withdrawals, and thereafter stole their investment capital to perpetuate a massive fraud.  Each Class member paid more than a nominal amount to invest with ROFX and the injuries of each Class member were caused directly by Defendants' wrongful conduct.  Plaintiffs' claims arise from the same practices and course of conduct that give rise to the claims of the Class members and are based on the same legal theories.

87.    **Adequacy – Federal Rule of Civil Procedure 23(a)(4):** the named Plaintiffs are adequate Class representatives because their interests do not conflict with the interests of the other members of the Class.  Neither Plaintiffs nor counsel have any interests that conflict with or are antagonistic to the interests of the Class members. Plaintiffs have retained highly competent and experienced class action attorneys to represent their interests and those of the members of the Class.  Plaintiffs and their counsel have the necessary resources to adequately and vigorously litigate this class action, and Plaintiffs and their counsel are aware of their fiduciary responsibilities to the Class members and will diligently discharge those duties by seeking the maximum possible recovery for the Class.

88.    **Injunctive Relief – Federal Rule of Civil Procedure 23(b)(2):**  ROFX has acted or refused to act on grounds generally applicable to Plaintiffs and other members of the Class, thereby making appropriate final injunctive relief, as described below, with respect to the Class as a whole.

89.     **Superiority – Federal Rule of Civil Procedure 23(b)(3):** A class action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action.  The damages or other financial detriment suffered by Plaintiffs and the other Class members are relatively small compared to the burden and expense that would be required to individually litigate their claims against ROFX.  As a result, it would be impracticable for the Class members to individually seek redress for ROFX's wrongful conduct.  Even if Class members could afford individual litigation, the court system could not.  Individualized litigation creates a potential for inconsistent or contradictory judgments, and increases the delay and expense to all parties and the court system.  By contrast, the class action device presents far fewer management difficulties, and provides the benefit of single adjudication, economy of scale, and comprehensive supervision by a single court.

## VI.     CLAIMS FOR RELIEF

### Count I – Common Law Fraud
### (Against All Defendants)

90.     Plaintiffs incorporate, adopt and re-allege as though fully set forth herein, each and every allegation in Paragraphs 1 through 89 above.

91.     ROFX knowingly made false and fraudulent statements of material fact to Plaintiffs by representing that they are a legitimate foreign exchange trading platform.

92.     The false and fraudulent representations of material fact include: (a) that ROFX utilized a forex robot trading platform designed to make trade decisions on behalf of Plaintiffs and for Plaintiffs' benefit, (b) that Plaintiffs would receive a return on investment in the form of a percentage of ROFX's daily trading profit, (c) that Plaintiffs could withdraw either their initial

investments or profits at their discretion, and (d) that the investment capital would remain in each respective Plaintiffs' accounts for their own use.

93.     The Defendants knew that the above-described misrepresentations made to Plaintiffs were false and fraudulent when they were made.

94.     Defendants made the above-described misrepresentations and engaged in such conduct to induce Plaintiffs into relying on the misrepresentations.

95.     Plaintiffs relied on these Defendants' misrepresentations.

96.     As a result of their reliance, Plaintiffs have incurred damages of over $15 million that they paid to Defendants between 2016 and the present as set forth below in Appendix A.

97.     The Defendants are jointly and severally liable for the misrepresentations made to Plaintiffs because they each played an essential role working in concert to further the unlawful, fraudulent scheme.

98.     Defendants actively and purposefully concealed their actions from Plaintiffs by, among other things, purporting to pay out minimal profits on a daily basis while prohibiting Plaintiffs from withdrawing their funds.

### Count II – Unjust Enrichment
### (Against All Defendants)

99.     Plaintiffs incorporate, adopt and re-allege as though fully set forth herein, each and every allegation in Paragraphs 1 through 98 above.

100.     Each Plaintiff described in Appendix A conferred a benefit upon the Defendants through the payment of money in exchange for ROFX's promise to act as a trader or advisor and to make investment decisions on behalf of the Plaintiffs in a fully automated manner.

101.     Plaintiffs' payments to ROFX were ultimately distributed to all Defendants, to profit off of Plaintiffs' investment capital.

102.     Defendants voluntarily accepted and retained the benefit of Plaintiffs' payments.

103.     Defendants are jointly and severally liable for orchestrating the scheme to steal Plaintiffs' investment capital as part of an unlawful and fraudulent scheme, which induced Plaintiffs to confer benefits on Defendants.  Each of the Defendants played an essential role as the orchestrators of the unlawful and fraudulent scheme described above.

104.     Because these Defendants knowingly created and orchestrated this scheme with the sole goal of stealing Plaintiffs' capital investments, the circumstances are such that it would be inequitable to allow Defendants to retain the benefit of the monies paid.

105.     As a direct and proximate result of the above-described conduct, Plaintiffs have been damaged and the Defendants have been unjustly enriched by more than $15 million from January 1, 2016 through the present.

### Count III – Violation of 18 U.S.C. § 1962(c)
### (Against All Defendants)

106.     Plaintiffs incorporate, adopt and re-allege as though fully set forth herein, each and every allegation in Paragraphs 1 through 105 above.

107.     All defendants formed an association-in-fact "enterprise" ("the Fraudulent Enterprise") as that term is defined in 18 U.S.C. § 1961(4), that engages in, and the activities of which affect, interstate commerce.

108.     The members of the Fraudulent Enterprise are and have been joined in a common purpose, have relationships with and among each other, and have associated through time sufficient to permit those associated to pursue the enterprise's purpose.  The Defendants forged symbiotic relationships and each defendant needed and depended upon the participation of the other defendants to accomplish their common purpose of defrauding Plaintiffs and other ROFX investors through fraudulent conduct.  Specifically, (a) Defendants knowingly and fraudulently

marketed and sold ROFX as a forex robot trading platform designed to make trade decisions on behalf of Plaintiffs and for Plaintiffs' benefit and that Plaintiffs would receive a return on investment in the form of a percentage of ROFX's daily trading profit when their sole goal was to steal Plaintiffs' investment capital; (b) Defendants Aware Choice, Auro Advantages, Boonruk Raumkit, Brass Marker, EasyCom, Epayments, Global E-Advantages, Grovee, IT Outsourcing, Igoria, Notus, Shopostar, Wealthy, VDD, and Ester knowingly accepted Plaintiffs' investment deposits with the intention of stealing the funds; (c) Defendants Aware Choice, Auro Advantages, Boonruk Raumkit, Brass Marker, EasyCom, Epayments, Global E-Advantages, Grovee, IT Outsourcing, Igoria, Notus, Shopostar, Wealthy, VDD, and Ester knowingly profited from the theft of Plaintiffs' investment capital.

109.    Each defendant has been employed by and/or associated with the Fraudulent Enterprise.

110.    Each defendant has knowingly conducted and/or participated, directly or indirectly, in the conduct of the Fraudulent Enterprise's affairs through a pattern of racketeering activity consisting of numerous and repeated violations of the federal wire fraud statute, 18 U.S.C. § 1343, involving the use of interstate wire facilities to transfer money to execute a scheme to defraud, which are described in part, in RICO Events evidenced in **Composite Exhibit 2** attached hereto ("Exhibit 2").  These acts, committed by interstate wire, included receiving thousands of payments that the Fraudulent Enterprise misrepresented: (a) would be utilized by ROFX's forex robot trading platform to make trade decisions on behalf of Plaintiffs and for Plaintiffs' benefit, (b) would be invested so that Plaintiffs could receive a return on investment in the form of a percentage of ROFX's daily trading profit, (c) could be withdrawn by Plaintiffs at their discretion, and (d) would remain in each respective Plaintiffs' accounts for their own use.

111.    Plaintiffs have been injured by reason of the above-described conduct in that the members of the Fraudulent Enterprise have stolen more than $15 million of Plaintiffs' investment capital.

**Count IV – Violation of 18 U.S.C. § 1962(d)**
**(Against All Defendants)**

112.    Plaintiffs incorporate, adopt and re-allege as though fully set forth herein, each and every allegation in Paragraphs 1 through 111 above.

113.    The Fraudulent Enterprise is an association-in-fact "enterprise," as that term is defined in 18 U.S.C. § 1961(4), that engages in, and the activities of which affect, interstate commerce.

114.    The defendants have willfully combined, conspired and agreed to violate 18 U.S.C. § 1962(c), that is to conduct and/or participate, directly or indirectly, in the conduct of the Fraudulent Enterprise's affairs through a pattern of racketeering activity consisting of numerous and repeated violations of the federal wire fraud statute, 18 U.S.C. § 1343, involving the use of interstate wire facilities to transfer money to execute a scheme to defraud, which are described in part, in RICO Events evidenced in Exhibit 2 attached hereto.  These acts, committed by interstate wire, included receiving thousands of payments that the Fraudulent Enterprise misrepresented: (a)  would be utilized by ROFX's forex robot trading platform to make trade decisions on behalf of Plaintiffs and for Plaintiffs' benefit, (b) would be invested so that Plaintiffs could receive a return on investment in the form of a percentage of ROFX's daily trading profit, (c) could be withdrawn by Plaintiffs at their discretion, and (d) would remain in each respective Plaintiffs' accounts for their own use.

115.    Defendants knew of, agreed to and acted in furtherance of the overall objective of the conspiracy by facilitating this fraudulent scheme wherein they induced Plaintiffs to wire money

for investment into ROFX's forex robot trading platform when their sole goal was to steal Plaintiffs' investment capital.

116.    Plaintiffs have been injured by reason of the above-described conduct in that the members of the Fraudulent Enterprise have stolen more than $15 million of Plaintiffs' investment capital.

## Count V – Request For Temporary Injunction
### (Against All Defendants)

117.    Plaintiffs incorporate, adopt and re-allege as though fully set forth herein, each and every allegation in Paragraphs 1 through 116 above.

118.    Plaintiffs seek to freeze ROFX's assets and enjoin Defendants from dissipating assets pending disposition of this action.

119.    There is a substantial likelihood that Plaintiffs will prevail on the merits of its fraud, unjust enrichment and RICO claims because Defendants perpetrated a fraudulent scheme whereby they created and operated an illusory forex robot foreign exchange trading platform with the sole intention of inducing Plaintiffs to invest so that they could steal Plaintiffs' investment capital and divert it for their own use.

120.    If the Court does not grant a preliminary injunction, Defendants will continue activities that dissipate ROFX's assets such that Plaintiffs will not be able to recover their investment capital, causing irreparable injury to Plaintiffs.

121.    Defendants will not suffer undue hardship or loss as a result of the issuance of a preliminary injunction.

122.    Issuance of a preliminary injunction would not adversely affect the public interest.

123.    Plaintiffs seek waiver of the requirement to post a bond but are willing to post a bond if the Court deems it appropriate.

124.     Plaintiffs' counsel have met with members of the Southern District of Florida's FBI and United States Attorney's Office, who do not object to Plaintiffs' request for injunctive relief.

## Count VI – Conspiracy
## (Against Epayments, Ester, Global E-Advantages, IT Outsourcing and Igoria)

125.     Plaintiffs incorporate, adopt and re-allege as though fully set forth herein, each and every allegation in Paragraphs 1 through 124 above.

126.     Defendants Epayments, Ester, Global E-Advantages, IT Outsourcing and Igoria knowingly agreed, collaborated, and conspired to conduct and/or participate, directly or indirectly, in the unlawful scheme.

127.     The purpose of the scheme was to mislead investors into depositing money or cash equivalents with ROFX under the illusion that ROFX was a legitimate foreign exchange trading platform with the sole purpose of stealing Plaintiffs' investment capital.

128.     The deposits that comprise the conspiracy identified through the date of this Verified Complaint are described, in part, in Appendix A.

129.     Defendants Epayments, Ester, Global E-Advantages, IT Outsourcing and Igoria agreed to and acted in furtherance of the common and overall objective of the conspiracy by brokering the deposit of and accepting the deposit of investor funds, falsely represented to be used for foreign exchange trading, with the intention to steal the investor funds.

130.     Plaintiffs allege an overall conspiracy, as well as conspiracies between the entities, including but not limited to Epayments, Global E-Advantages, IT Outsourcing and Igoria on the one hand, and Ester, as the broker, on the other.

131.     Plaintiffs have been injured by reason of the above-described conduct in that they paid more than $15 million to invest in ROFX which was simply a scheme to defraud Plaintiffs out of their investment capital.

**Prayer For Relief**

WHEREFORE, Plaintiffs, on behalf of each of them and the Class as set forth in Counts I-VI, pray for the following relief:

A. an order determining that the claims alleged herein may be maintained as a class action, and certifying the Class as defined above, appointing Ryan Birmingham, Roman Leonov, Mitchell Parent, Jonathan Zarley and Steven Hansen as class representatives, and their counsel as class counsel;

B. an order freezing ROFX's assets and enjoining and restraining Defendants from dissipating or encumbering any of ROFX's assets until the disposition of Plaintiffs' claims in this action;

C. an order granting judgment against Defendants, jointly and severally, for compensatory damages plus interest and costs for Counts I-II set forth above.

D. an order granting Plaintiffs treble damages, costs and reasonable attorneys' fees pursuant to 18 U.S.C. § 1964(c) for Counts III-IV set forth above;

E. an order granting judgment against defendants Epayments, Ester, Global E-Advantages, IT Outsourcing and Igoria, jointly and severally, for compensatory damages plus interest and costs for Count VI set forth above;

F. an order preventing the destruction of financial records and any other relevant documents;

G. an order permitting expedited discovery into the facts alleged herein;

H. an order setting this request for preliminary injunction for hearing at the earliest possible time; and

I. any such other and further relief in law and/or equity that the Court deems equitable, just, and proper.

27

**JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs demand a trial by jury.

DATED: September 29, 2021

Respectfully submitted,

*/s/* Jose A. Casal, *Esq.*
Jose A Casal (FBN:  767522)
Sydney Alexander (FBN: 1019569)
Warren E Gluck (*pro hac vice application pending*)
Matthew R DiBlasi (*pro hac vice application pending*)
Ruarri M Rogan (*pro hac vice application pending*)
**HOLLAND & KNIGHT LLP**
701 Brickell Avenue, Suite
3300 Miami, FL 33131
Telephone:  (305) 374-8500
Facsimile:   (305) 789-7799
*Attorneys for Plaintiffs*

## **VERIFICATION PURSUANT TO 18 U.S.C. 1746**

I, Ryan Birmingham, make this verification in connection with the filing of a verified class action complaint in the above referenced action. I am a ROFX.net investor and citizen of the United States. I verify that I have reviewed the foregoing verified class action complaint, and the allegations as to me are true and correct and that the other allegations upon information and belief are true and correct. I have retained Holland & Knight LLP in connection with this litigation and have authorized the filing of the verified class action complaint in this action. Neither I, nor anyone else affiliated with me, have received, been promised or offered, and will not accept any form of compensation, directly or indirectly, for serving as a representative party in this action except for (i) such damages or other relief as the Court may award me as a member of the Class, (ii) such fees, costs or other payments as the Court expressly approves to be paid to or on my behalf, or (iii) reimbursement, paid by my attorneys, of actual and reasonable out of-pocket expenses incurred by me directly in connection with prosecution of this action.

I make this Verification under penalty of perjury that the foregoing is true and correct. Executed this 29th day of September, 2021.

Ryan Birmingham

## <u>VERIFICATION PURSUANT TO 18 U.S.C. 1746</u>

I, Jonathan Zarley, make this verification in connection with the filing of a verified class action complaint in the above-referenced action. I am a ROFX.net investor and citizen of the United States. I verify that I have reviewed the foregoing verified class action complaint, and the allegations as to me are true and correct and that the other allegations upon information and belief are true and correct. I have retained Holland & Knight LLP in connection with this litigation and have authorized the filing of the verified class action complaint in this action. Neither I, nor anyone else affiliated with me, have received, been promised or offered, and will not accept any form of compensation, directly or indirectly, for serving as a representative party in this action except for (i) such damages or other relief as the Court may award me as a member of the Class, (ii) such fees, costs or other payments as the Court expressly approves to be paid to or on my behalf, or (iii) reimbursement, paid by my attorneys, of actual and reasonable out-of-pocket expenses incurred by me directly in connection with prosecution of this action.

I make this Verification under penalty of perjury that the foregoing is true and correct. Executed this 29th day of September, 2021.

Jonathan Zarley

**VERIFICATION PURSUANT TO 18 U.S.C. 1746**

I, Roman Leonov, make this verification in connection with the filing of a verified class action complaint in the above-referenced action. I am a ROFX.net investor and citizen of the United States. I verify that I have reviewed the foregoing verified class action complaint, and the allegations as to me are true and correct and that the other allegations upon information and belief are true and correct. I have retained Holland & Knight LLP in connection with this litigation and have authorized the filing of the verified class action complaint in this action. Neither I, nor anyone else affiliated with me, have received, been promised or offered, and will not accept any form of compensation, directly or indirectly, for serving as a representative party in this action except for (i) such damages or other relief as the Court may award me as a member of the Class, (ii) such fees, costs or other payments as the Court expressly approves to be paid to or on my behalf, or (iii) reimbursement, paid by my attorneys, of actual and reasonable out of pocket expenses incurred by me directly in connection with prosecution of this action.

I make this Verification under penalty of perjury that the foregoing is true and correct. Executed this 29th day of September, 2021.

_____

Roman Leonov

## VERIFICATION PURSUANT TO 18 U.S.C. 1746

I, Mitchell Parent, make this verification in connection with the filing of a verified class action complaint in the above-referenced action. I am a ROFX.net investor and citizen of the United States. I verify that I have reviewed the foregoing verified class action complaint, and the allegations as to me are true and correct and that the other allegations upon information and belief are true and correct. I have retained Holland & Knight LLP in connection with this litigation and have authorized the filing of the verified class action complaint in this action. Neither I, nor anyone else affiliated with me, have received, been promised or offered, and will not accept any form of compensation, directly or indirectly, for serving as a representative party in this action except for (i) such damages or other relief as the Court may award me as a member of the Class, (ii) such fees, costs or other payments as the Court expressly approves to be paid to or on my behalf, or (iii) reimbursement, paid by my attorneys, of actual and reasonable out-of-pocket expenses incurred by me directly in connection with prosecution of this action.

I make this Verification under penalty of perjury that the foregoing is true and correct. Executed this 29th day of September, 2021.


Mitchell Parent

## VERIFICATION PURSUANT TO 18 U.S.C. 1746

I, Steven Hansen, make this verification in connection with the filing of a verified class action complaint in the above-referenced action. I am a ROFX.net investor and citizen of the United States. I verify that I have reviewed the foregoing verified class action complaint, and the allegations as to me are true and correct and that the other allegations upon information and belief are true and correct. I have retained Holland & Knight LLP in connection with this litigation and have authorized the filing of the verified class action complaint in this action. Neither I, nor anyone else affiliated with me, have received, been promised or offered, and will not accept any form of compensation, directly or indirectly, for serving as a representative party in this action except for (i) such damages or other relief as the Court may award me as a member of the Class, (ii) such fees, costs or other payments as the Court expressly approves to be paid to or on my behalf, or (iii) reimbursement, paid by my attorneys, of actual and reasonable out-of-pocket expenses incurred by me directly in connection with prosecution of this action.

I make this Verification under penalty of perjury that the foregoing is true and correct. Executed this 29th day of September, 2021.

Steven Hansen

Steven Hansen

**APPENDIX A**

| Last Name | First Name | Approximate Amount Invested into ROFX | Email Address |
|---|---|---|---|
| ███ | ███ | $ 2,067,000.00 | ███@yahoo.com |
| ███ | ███ | $ 1,375,000.00 | ███@aol.com |
| ██ | ███ | $ 863,203.41 | ███@verizon.net |
| ███ | ████ | $ 813,000.00 | ███@yahoo.com |
| ███ | ███ | $ 491,190.00 | ███@gmail.com |
| █████ | ██ | $ 477,400.00 | ███@gmail.com |
| ███ | ███ | $ 472,600.00 | ███@hotmail.com |
| ███ | ███ | $ 426,113.00 | ███@ovoly.com |
| ███ | ██ | $ 413,737.00 | ██████@gmail.com |
| ██ | ███ | $ 405,000.00 | ███@gmail.com |
| ███ | ███ | $ 395,000.00 | ███@████operties.com |
| ████ | ████ | $ 391,152.00 | ███@gmail.com |
| ███ | ██ | $ 300,000.00 | ███@gmail.com |
| ███ | ███ | $ 281,769.00 | ███@aol.com |
| ████ | ██ | $ 268,020.00 | ███@gmail.com |
| █ | █ | $ 245,000.00 | ███@gmail.com |
| ███ | ███ | $ 238,000.00 | ███@gmail.com |
| ███ | ██ | $ 200,500.00 | ███@verizon.net |
| ████ | ████ | $ 200,000.00 | ███@yahoo.com |
| ████ | ███ | $ 200,000.00 | ███@comcast.net |
| █ | ███ | $ 200,000.00 | ███gmail.com |
| ███ | ███ | $ 195,100.00 | ███@yahoo.co.jp |
| ████ | ██ | $ 192,000.00 | ███@aol.com |
| ███ | ██ | $ 183,491.00 | ███@yahoo.com |

| | | | Amount | Email |
|---|---|---|---|---|
| ███████ | ████ | $ | 183,138.00 | ██████@protonmail.com |
| ███ | ████ | $ | 168,700.00 | ███████████@protonmail.ch |
| ██ | █████ | $ | 168,000.00 | ███████X@yahoo.com |
| ███ | ███ | $ | 162,000.00 | ███████X@gmail.com |
| ██ | █████ | $ | 156,000.00 | █████████@gmail.com |
| ████ | ████ | $ | 150,000.00 | ███████@gmail.com |
| ███ | ████ | $ | 148,502.00 | ██████@gmail.com |
| ██ | ██████ | $ | 146,500.00 | ████████████@gmail.com |
| ████ | ██ | $ | 146,500.00 | ██████████@gmail.com |
| ██ | █████ | $ | 127,000.00 | █████████@gmail.com |
| ████ | ██ | $ | 127,000.00 | ██████@hotmail.com |
| ██ | █████ | $ | 121,000.00 | ██████@msn.com |
| ███ | █████ | $ | 120,042.48 | ██████@gmail.com |
| ██ | █████ | $ | 120,000.00 | ██████@guestwelcome.com |
| ███ | ████ | $ | 119,823.30 | ██████@yahoo.com |
| ████ | ██ | $ | 119,400.00 | ██████@msn.com |
| █████ | ███ | $ | 117,000.00 | ████████@gmail.com |
| ████ | █████ | $ | 115,000.00 | ██████@comcast.net |
| ██ | ████ | $ | 108,760.00 | ██████@gmail.com |
| ████ | ███ | $ | 106,702.00 | ██████@hotmail.com |
| ██ | ███ | $ | 104,000.00 | █████████@YAHOO.COM |
| ██ | ████ | $ | 101,182.00 | ██████@gmail.com |
| ██ | █████ | $ | 101,000.00 | ██████@gmail.com |
| ███ | ███ | $ | 100,000.00 | ████████@mail.com |
| ████ | ███ | $ | 100,000.00 | ██████@gmail.com |
| ████ | ███ | $ | 100,000.00 | █████████@outlook.com |

| | | | | |
|---|---|---|---|---|
| ███ | ███ | $ | 100,000.00 | ██████@gmail.com |
| ███ | ███ | $ | 100,000.00 | ████@aol.com |
| ████ | ███ | $ | 100,000.00 | █████@gmail.com |
| ██ | ███ | $ | 100,000.00 | █████@gmail.com |
| █████ | ██ | $ | 96,000.00 | █████@aol.com |
| ███ | ████ | $ | 93,000.00 | ████████@gmail.com |
| ████ | ████ | $ | 86,000.00 | ████@yahoo.com |
| ███ | ███ | $ | 84,000.00 | ███████@yahoo.com |
| ███ | ████ | $ | 80,000.00 | █████@gmail.com |
| ████ | ███ | $ | 77,500.00 | ████@hellanbach.com |
| █████ | ██ | $ | 70,000.00 | █████@gmail.com |
| ███ | ███ | $ | 70,000.00 | █████@yahoo.com |
| ███ | ██ | $ | 68,000.00 | ████@comcast.net |
| █████ | ███ | $ | 65,000.00 | █████@gmail.com |
| ██ | ████ | $ | 62,151.00 | ████@gmail.com |
| ██ | ████ | $ | 61,000.00 | ████@hotmail.com |
| ████ | ███ | $ | 60,000.00 | ███████@gmail.com |
| ████ | ███ | $ | 60,000.00 | ███████@gmail.com |
| ███ | ███ | $ | 60,000.00 | █████@gmail.com |
| ████ | █████ | $ | 59,000.00 | █████@gmail.com |
| █████ | ████ | $ | 58,180.52 | █████@gmail.com |
| ███ | ███ | $ | 56,700.00 | ████████@hotmail.com |
| ███ | ███ | $ | 56,000.00 | █████@gmail.com |
| ███ | ██ | $ | 55,500.00 | █████@gmail.com |
| ████ | ██ | $ | 55,000.00 | ████@cox net |
| █████ | ███ | $ | 54,881.00 | █████@napierport.co nz |

| | | | |
|---|---|---|---|
| ▮▮▮▮ | ▮ | $ 54,300.00 | ▮▮▮@gmail.com |
| ▮ | ▮ | $ 54,000.00 | ▮▮@hotmail.com |
| ▮▮▮ | ▮ | $ 52,600.00 | ▮▮@att.net |
| ▮▮ | ▮▮ | $ 51,075.00 | ▮▮▮▮@hotmail.com |
| ▮ | ▮ | $ 50,750.00 | ▮▮X@gmail.com |
| ▮▮ | ▮ | $ 50,012.00 | ▮▮@gmail.com |
| ▮▮ | ▮ | $ 50,000.00 | ▮▮@protonmail.com |
| ▮▮ | ▮ | $ 50,000.00 | ▮▮@wavecable.com |
| ▮▮ | ▮ | $ 50,000.00 | ▮▮@yahoo.com |
| ▮ | ▮ | $ 50,000.00 | ▮▮@gmail.com |
| ▮▮ | ▮ | $ 50,000.00 | ▮▮@yahoo.com |
| ▮▮ | ▮▮ | $ 44,000.00 | ▮▮▮@gmail.com |
| ▮ | ▮ | $ 43,000.00 | ▮▮@gmail.com |
| ▮▮▮ | ▮ | $ 42,396.16 | ▮▮▮@gmail.com |
| ▮▮ | ▮ | $ 42,000.00 | ▮▮@yahoo.com |
| ▮▮ | ▮ | $ 41,900.00 | ▮▮@gmail.com |
| ▮▮ | ▮ | $ 40,760.00 | ▮▮@gmail.com |
| ▮ | ▮ | $ 40,301.00 | ▮▮@outlook.com |
| ▮ | ▮ | $ 40,000.00 | ▮▮@gmail.com |
| ▮▮ | ▮ | $ 40,000.00 | ▮▮@gmail.com |
| ▮ | ▮ | $ 40,000.00 | ▮▮@yahoo.com |
| ▮▮ | ▮ | $ 40,000.00 | ▮▮@gmail.com |
| ▮▮ | ▮ | $ 40,000.00 | ▮▮@gmail.com |
| ▮▮ | ▮ | $ 37,500.00 | ▮▮@yahoo.com |
| ▮▮▮ | ▮ | $ 36,230.00 | ▮▮@hotmail.co.uk |
| ▮▮ | ▮ | $ 35,000.00 | ▮▮@rocketmail.com |

| | | | | |
|---|---|---|---|---|
| ███ | ███ | $ | 35,000.00 | ████@aol.com |
| ███ | ███ | $ | 35,000.00 | ████@gmail.com |
| ███ | ███ | $ | 32,744.14 | ████@fcnmc.com |
| ███ | ███ | $ | 32,180.00 | ████@gmail.com |
| ██ | ███ | $ | 32,000.00 | ████@thecarrfamily.net |
| ███ | ███ | $ | 31,000.00 | ████@windstream net |
| ████ | ███ | $ | 30,000.00 | ████████@yahoo.com |
| ███ | ███ | $ | 30,000.00 | █████@gmail.com |
| ████ | ███ | $ | 30,000.00 | ████@gmail.com |
| ██ | ███ | $ | 30,000.00 | ████@gmail.com |
| ██ | ███ | $ | 30,000.00 | ████@gmail.com |
| ███ | ███ | $ | 30,000.00 | ████@gmail.com |
| ████ | ███ | $ | 28,000.00 | ████@inetys.com |
| ██ | ███ | $ | 26,000.00 | ████@gmail.com |
| ███ | ███ | $ | 25,000.00 | ████@yahoo.com |
| ██ | ███ | $ | 25,000.00 | ████@gmail.com |
| ██ | ███ | $ | 24,855.00 | ████@gmail.com |
| ███ | ███ | € | 24,339.00 | ████@abv.bg |
| ████ | ████ | $ | 24,000.00 | ████@gmail.com |
| ███ | ███ | $ | 23,500.00 | █████@gmail.com |
| ██ | ███ | $ | 23,000.00 | ████@gmail.com |
| ███ | ████ | $ | 22,000.00 | ████████@gmail.com |
| ███ | ███ | $ | 22,000.00 | ████@gmail.com |
| ██ | ███ | $ | 21,750.00 | █████@gmail.com |
| ███ | ███ | $ | 21,000.00 | █████@gmail.com |
| ███ | ███ | $ | 20,073.61 | ████@gmail.com |

| | | | | |
|---|---|---|---|---|
| ███████ | ████ | $ | 20,000.00 | ████████████@gmail.com |
| █████████ | ████ | $ | 20,000.00 | ████████████@gmail.com |
| ████ | █████ | $ | 20,000.00 | ██████████@hotmail.com |
| ████ | █████ | $ | 20,000.00 | ██████@yahoo.es |
| █████ | ████ | $ | 20,000.00 | ████████@gmail.com |
| ██████ | █████ | $ | 18,742.40 | ██████████@gmail.com |
| ███ | █████ | $ | 18,000.00 | ██████████@gmail.com |
| █████ | ██████ | $ | 18,000.00 | ████████@yahoo.com |
| ██████ | █████ | $ | 16,000.00 | ██████████@gmail.com |
| ██ | █████ | $ | 15,940.60 | ██████@hotmail.com |
| ███████ | █████ | $ | 15,000.00 | ██████████@yahoo.com |
| █████ | █████ | $ | 15,000.00 | ████████@stevengertler.com |
| █████ | █████ | $ | 15,000.00 | ██████@icloud.com |
| █████ | █████ | $ | 15,000.00 | ██████@yahoo.com |
| ████ | ███ | $ | 15,000.00 | ██████@evansconsulting.us |
| ████ | █████ | $ | 14,786.00 | ████████@gmail.com |
| ████████ | ███ | $ | 14,150.00 | ███████████@gmail.com |
| ███ | █████ | $ | 13,999.00 | ████████@hotmail.com |
| █████ | ███ | $ | 13,345.00 | ██████@gmail.com |
| █████ | █████ | $ | 13,100.00 | ██████@gmail.com |
| █████ | ███ | $ | 13,009.31 | ██████@hotmail.com |
| █████ | ███ | $ | 12,500.00 | ████████@gmail.com |
| █████ | ███ | $ | 12,000.00 | ████████@hotmail.com |
| █████ | █████ | $ | 12,000.00 | ██████@gmail.com |
| ████ | █████ | $ | 12,000.00 | ██████@gmail.com |
| █████ | ██ | $ | 12,000.00 | ██████@snevets net |

| | | | Amount | | Email |
|---|---|---|---|---|---|
| ███████ | ██████ | $ | 11,000.00 | ████ @iinet.net.au |
| ████████ | ████ | $ | 10,001.00 | ██████ @gmail.com |
| ██████ | ██████ | $ | 10,000.00 | ████████ @gmail.com |
| ████████ | ██████ | $ | 10,000.00 | ██████ @outlook.com |
| ████ | ███████ | $ | 10,000.00 | █████ @gmail.com |
| ████ | █████████ | $ | 10,000.00 | ██████ @outlook.com |
| ██████ | █████ | $ | 10,000.00 | █████ @gmail.com |
| ███████ | █████ | $ | 10,000.00 | ████████ @imagemagic.com.my |
| ██████ | ██████ | $ | 10,000.00 | █████ @yahoo.com |
| ████ | ████████ | $ | 9,000.00 | ███████ @gmail.com |
| █ | ██ | $ | 8,500.00 | █████ @yahoo.com |
| ████████ | | $ | 8,290.00 | ██████ @yahoo.com |
| █████████ | █████ | $ | 7,000.00 | ████████ @yahoo.com |
| ██████ | ████ | $ | 5,100.00 | ████████ @gmail.com |
| ████ | █████ | $ | 5,001.00 | █████████ @gmail.com |
| ████████ | █████ | $ | 5,000.00 | ██████ @gmail.com |
| ██████ | █████ | $ | 5,000.00 | █████ @hotmail.com |
| █████ | █████ | $ | 4,600.00 | ██████ @gmail.com |
| ███████ | █████ | $ | 4,000.00 | █████ @yahoo.com |
| ████████ | ██████ | $ | 579,166.58 | ███████████ |
| █████████ | ████████ | $ | 50,000.00 | ███████████ |
| ███████ | ████ | $ | 101,000.00 | ██████████ |
| ████████ | █████ | $ | 40,000.00 | |
| ██████████ | ████ | $ | 39,254.44 | |
| █████████ | █████ | $ | 50,000.00 | ███████████ |
| ████████ | █████ | $ | 56,000.00 | |
| ██████ | ██████ | $ | 50,012.00 | |
| █████████ | █████ | $ | 100,000.00 | |
| ████████ | █████ | $ | 294,504.62 | |
| ███████ | █████ | $ | 37,500.00 | |