for the
Southern District of Florida

| | |
|---|---|
| Ryan Birmingham and others, Plaintiffs, | ) ) ) ) Civil Action No. 21-23472-Civ-Scola |
| v. | ) ) |
| ROFX.net and others, Defendants. | ) |

### Order Granting Motion for Alternate Service of Process

This matter is before the Court on the Plaintiffs' motion to authorize alternate service of process. (Mot., ECF No. 36.) Having carefully reviewed the Plaintiffs' motion and the record, the Plaintiffs have shown good cause why leave should be **granted** allowing service of the summonses, complaint, temporary restraining order, and all other filings in this matter upon the Defendants identified in this Order via electronic mail ("e-mail"), website and social-media postings.

Currently, the Plaintiffs have been able to effectuate service of process on eight of the thirty named Defendants. (Mot., ECF No. 36 at 3.) Accordingly, the Plaintiffs seek leave to serve the remaining twenty-two Defendants[1], all who reside outside of the United States, through alternate means. Specifically, the Plaintiffs request leave to serve the complaint, summons, temporary restraining order, and all other subsequent pleadings to the Defendants' company websites, emails, and social media accounts pursuant to Fed. R. Civ. P. 4(f)(3). The Plaintiffs contend that the Defendants reside in the United Kingdom, Hong Kong, England, Czech Republic, Cyprus, Poland, and Thailand. (Mot., ECF No. 36 at 4.) They argue that alternative methods of service are appropriate under the circumstances because the Defendants participated from abroad and through shell companies in the underlying RICO scheme to defraud investors. (*Id.* at 2.)

Under Federal Rule 4, a party may serve a foreign defendant "by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(3). The only limitations in Rule 4(f)(3) are that: (1) service must be directed by the court, (2) it must not be prohibited by international agreement,

---

[1] The Defendants who have not been served are: Jorge Luis Castillo (Belize), Peter Mogilniy (UK or Hong Kong), Wealthy Developments LP (Scotland, UK), Anton Bilous (Scotland, UK), VDDTrading Ltd. (UK), Dmytro Fokin (UK), Manuchar Daraselia (UK), Epayments Systems Ltd. (England or UK), Andre Fetin (England or UK), Mikhail Rymanov (England or UK), Brass Marker s.r.o (Czech Republic), IT Outsourcing Co. Ltd. (Thailand), Nattpemol Krinara (Thailand), PapharaTsor Nrivratporn (Thailand), Boonruk Ruamkit Co. Ltd. (Thailand), Youras Ziankoviach (in custody), Ester Holdings Inc. (Cyprus), Igoria Trade S.A. (Poland).

and (3) due process requires that it must be "reasonably calculated" to give notice to a defendant. *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). This means that "Rule 4(f)(3) is not subsumed within or in any way dominated by Rule 4(f)'s other subsections; it stands independently, on equal footing." *Rio Properties, Inc. v. Rio Intern. Interlink,* 284 F.3d 1007, 1015 (9th Cir. 2002). In other words, Rule 4(f)(3) contains no limits that allow for its availably only after attempting service of process by other means. Indeed, Rule 4(f)(3) was "adopted in order to provide flexibility and discretion to the federal courts in dealing with questions of alternative methods of service of process in foreign countries." *Under Armour, Inc. v. 51nfljersey.com,* 2014 WL 644755, at *2 (S.D. Fla. Feb. 19, 2014) (Rosenbaum, J.) (quoting *In re Int'l Telemedia Assoc., Inc.,* 245 B.R. 713, 719 (N.D. Ga. 2000)).

"[T]he decision to issue an order allowing service by alternate means lies solely within the discretion of the district court." *Chanel, Inc. v. Lin,* 2009 WL 1034627, at *1 (S.D. Fla. Apr. 16, 2009) (King, J.) (citing *Prewitt Enters., Inc. v. Org. of Petroleum Exporting Countries,*353 F.3d 916, 921 (11th Cir. 2003) (holding that a "district court 'may' direct alternate means of service [under Rule 4(f)(3)].")); *see also Rio Properties, Inc.,* 284 F.3d at 1018 ("[W]e leave it to the discretion of the district court to balance the limitations of email service against its benefits in any particular case."). Once service of process is effectuated outside any judicial district of the United States, pursuant to Rule 4(f)(2) or (f)(3), proof is made "by a receipt signed by the addressee, or by other evidence satisfying the court that the summons and complaint were delivered to the addressee." *Kipu Sys., LLC v. ZenCharts, LLC,* No. 17-24733-CIV, 2018 WL 8264634, at *1 (S.D. Fla. Mar. 29, 2018) (Torres, J.).

Here, the Court finds that the Plaintiffs have shown good cause for the Court to authorize alternate service of process of the complaint, summons, temporary restraining order, and all subsequent pleadings on the Defendants. All the countries where the Defendants reside (except Thailand) are signatories to the Hague Convention and have not expressly objected to service of process by email, website posting, or social media messaging. *Stat Med. Devices, Inc. v. HTL-Strefa, Inc.,* No. 15-20590-CIV, 2015 WL 5320947, at *3 (S.D. Fla. Sept. 14, 2015) (O'Sullivan, J.) ("This Court and many other federal courts have permitted service by electronic mail and determined that an objection to Article 10 of the Hague Convention, i.e. an objection to service through "postal channels" does not equate to an express objection to service via electronic mail."). Moreover, Thailand is not a signatory to the Hague Convention and there are no service treaties between the United States and Thailand. Thus, there are no international agreements prohibiting service by internet communication. *adidas AG v. 2cn0931,* No. 18-60758-CIV, 2018 WL 4778075,

at *1 (S.D. Fla. Apr. 17, 2018) (Hunt, J.) (recognizing that service by email or internet communication to defendants in Thailand was permissible because there are no service treaties between Thailand and the United States); *see also Chanel, Inc. v. Individuals, Partnerships & Unincorporated Associations Identified on Schedule "A"*, No. 20-CIV-62121-RAR, 2020 WL 8226841, at *1 (S.D. Fla. Nov. 4, 2020) (Ruiz, J.) (granting motion for alternate service for foreign Defendants, including some that resided in Thailand).

    Accordingly, the Plaintiffs' motion to authorize alternate service of process is **granted**. (ECF No. 36.) The Court authorizes alternate service of process on Defendants via email, company websites, and social media messages. Once completed, the Plaintiffs shall file a copy of delivery confirmation (or substantially equivalent document) as proof that service has been carried out upon the Defendants as required by Federal Rule of Civil Procedure 4(l)(2)(B).

    **Done and ordered** at Miami, Florida, on November 16, 2021.

                                               Robert N. Scola, Jr.
                                               United States District Judge