UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case Number: 21-CV-23472-RNS

RYAN BIRMINGHAM, *et al.*,

    Plaintiffs,

v.

ALEX DOE; JOHN DOES 1–3;
OLGA ABRYKOSOVA, *et al.*,

    Defendants.

_____/

### [PROPOSED] ORDER GRANTING MOTION FOR ALTERNATIVE SERVICE

**THIS MATTER** is before the Court on RYAN BIRMINGHAM, *et al.* Motion for Alternative Service by (i) email; (ii) social media direct messaging (i.e., Facebook or LinkedIn); (iii) FedEx International Mail, return receipt requested; or (iv) publication under Federal Rule of Civil Procedure 4(f)(3) and Incorporated Memorandum of Law ("Motion") [ECF No. __]. The Court has carefully reviewed the Motion, the record, and is otherwise fully advised in the premises. For the reasons set forth below, the Motion is **GRANTED**.

### BACKGROUND

On September 29, 2021 Plaintiffs filed a Complaint for Damages and Injunctive Relief [ECF No. 1] alleging Defendants operated the unincorporated entity ROFX.net, which provided unregulated financial services through its web-based platform to investors around the world. As a class, Plaintiffs alleged counts of Common Law Fraud, Unjust Enrichment, Violation of 18 U.S.C. § 1962(c), Violation of 18 U.S.C. § 1962(d), and Conspiracy. *Id.*

On November 5, 2021, Plaintiffs moved this Court [ECF No. 36] for permission to serve unreachable Defendants via electronic mail, internet direct messaging, web posting, and publication. This Court issued an Order [ECF No. 38] granting Plaintiffs Motion, "allowing service

1

of the summons, complaint, temporary restraining order, and all other filings in this matter upon the Defendants identified in [that] Order via electronic mail ('e-mail'), website and social media postings." *Id.* Plaintiffs successfully executed service of the Verified Class Action Complaint on eight (8) Defendants via alternate service, including Brass Marker s.r.o., Ester Holdings Inc., ePayments Systems Ltd., Peter Mohylnyi, Boonruk Ruamkit Co., Ltd., IT Outsourcing Co., Ltd., Nattpemol Krinara; and Papahratsorn Raviratporn. *See* Decl. of Ruarri M. Rogan [ECF No. 43] at 2–4.

Through preliminary discovery, Plaintiffs have developed a greater understanding of the scheme and its notable players. Consequently, on February 14, 2022, Plaintiffs filed an Amended Complaint, which included newly discovered facts and Defendants. *See* generally Am. Compl. [ECF No. 64]. In it, Plaintiffs alleged causes of action for RICO; fraud (including conspiracy to commit fraud and aiding and abetting fraud); conversion (including conspiracy to commit conversion and aiding and abetting conversion); and unjust enrichment. Plaintiffs seek compensatory damages, including costs of suit, interest, and reasonable attorneys' fees. *See id.*

Plaintiffs contend that Defendants operate via the Internet and utilize electronic means as reliable forms of contact with each other and their investors. *See generally* Mot. According to Plaintiffs, Defendants claim to be residents of at least thirteen different countries[1] and have taken calculated steps to avoid identification, including wiring funds through shell companies, sending money through cryptocurrency exchanges, and providing fake addresses on company documents. *See id*. Plaintiffs further contend that Defendants have at least one form of electronic contact, including email, company website contact forum, or social media, providing a reliable means of communicating with them.

## **LEGAL STANDARD**

Federal Rule of Civil Procedure 4(f)(3) allows a district court to order an alternate method

---

[1] (1) Ukraine, (2) United Kingdom, (3) Bulgaria, (4) Czech Republic, (5) Belarus, (6) Thailand, (7) Cyprus, (8) Poland, (9) China, (10) Hungary, (11) Canada, (12) Republic of Korea, and (13) the United States.

of service to be effectuated upon foreign defendants, provided that it is not prohibited by international agreement and is reasonably calculated to give notice to the defendants. *See* Fed. R. Civ. P. 4(f)(3); *see also Brookshire Bros., Ltd. v. Chiquita Brands Int'l, Inc.*, No. 05-CIV-21962, 2007 WL 1577771, at *2 (S.D. Fla. May 31, 2007) (citing *Prewitt Enters. v. Org. of Petroleum Exporting Countries*, 353 F.3d 916, 921, 927 (11th Cir. 2003)) ("[D]istrict courts have broad discretion under Rule 4(f)(3) to authorize other methods of service that are consistent with due process and are not prohibited by international agreements." (alteration added)).

## ANALYSIS

In their Motion, Plaintiffs seek alternate service on twenty-one new and/or unreachable Defendants by (i) email; (ii) social media direct messaging (i.e., Facebook or LinkedIn); (iii) FedEx International Mail, return receipt requested; or (iv) publication ("Motion Defendants").[2] Such means are not prohibited under international agreement in this case. All of the countries potentially at issue in this Motion are signatories to the Hague Convention on the Service Abroad of Extra-Judicial Documents in Civil and Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361 ("Hague Convention"), the Hague Convention does not specifically preclude service of process via e-mail, social media, return-receipt mail, or by posting on a designated website. Where a signatory nation has objected to the alternative means of service provided by the Hague Convention, that objection is expressly limited to those means and does not represent an objection to other forms of service, such as e-mail, social media messaging, or website posting.[3] *Cf. Stat Med. Devices, Inc. v.*

---

[2] The Motion Defendants include: (1) The Investing Online; (2) Borys Konovalenko; (3) Mayon Holdings Ltd; (4) Mayon Solutions, LLC; (5) Mayon Solutions Ltd; (6) Alex Doe; (7) Vsevolod Tovstun; (8) Olga Tielly; (9) Marina Garda; (10) Daria Eckert; (11) Nataliya Los; (12) Olga Abrykosova; (13) Alla Skala; (14) Jase Victor Davis; (15) Ivan Hrechaniuk; (16) Sergiy Prokopenko; (17) Jared Goodyear; (18) Aware Choice Ltd; (19) Profit Media Group LP; (20) Trans-Konsalt MR Ltd; and (21) Art Sea Group Ltd.

[3] The "Objecting Countries" of Czech Republic, Bulgaria, Ukraine, Republic of Korea (South Korea), China, Hungary, and the United Kingdom have not expressly objected to service via e-mail, social media, or website posting. *See generally* Mot.

3

*HTL-Strefa, Inc.*, No. 15-20590-CIV, 2015 WL 5320947, at *3 (S.D. Fla. Sept. 14, 2015) (noting that an objection to the alternative forms of service set forth in the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Nov. 15, 1965, 658 U.N.T.S. 16, is limited to the specific forms of service objected to). A court acting under Rule 4(f)(3), therefore, remains free to order alternative means of service where a signatory nation has not expressly objected to those means. *See Gurung v. Malhotra*, 279 F.R.D. 215, 219 (S.D.N.Y. 2011). Accordingly, service by e-mail, social media messaging, and publication on a designated website does not violate an international agreement.

Furthermore, Canada, Hong Kong, and the United Kingdom do not specifically object to Article 10(a), which authorizes the transmission of judicial documents by "postal channels." Service by FedEx (or other commercial mail couriers) with respect to those Motion Defendants, that reside in these three countries, is thus permissible under the Hague Convention. *See TracFone Wireless, Inc. v. Bitton*, 278 F.R.D. 687, 690–91 (S.D. Fla. Jan. 11, 2012) (finding that service upon a Canadian resident via FedEx is permissible pursuant to Rule 4(f)(2)(C)(ii) because Canada does not object to Article (10)(a) of the Hague Convention).[4]

Additionally, e-mail, social media messaging, return-receipt mail, and designated website posting are reasonably calculated to give notice to the Motion Defendants. Plaintiffs cite numerous cases of courts granting leave for a plaintiff to serve by e-mail, social media messaging, and website posting (*see* Mot. at 12–13, 15–19) where, as here: (1) the Motion Defendants conducted their businesses over the Internet; (2) the Motion Defendants used e-mail and social media

---

[4] *See TracFone Wireless, Inc. v. Unlimited PCS Inc.*, 279 F.R.D. 626, 631 (S.D. Fla. 2012) (finding that FedEx service of summons and complaint to Hong Kong defendant was a permissible postal channel under Article 10(a)); *Strax Americas, Inc. v. Tech 21 Licensing Ltd.*, 16-25369-CIV, 2017 WL 5953117, at *2 (S.D. Fla. Mar. 23, 2017) (holding that service via FedEx on the United Kingdom defendants was an acceptable form of alternative service, not prohibited by international agreement, and reasonably calculated to fulfill due process requirements).

regularly in their businesses; and (3) the Plaintiffs show such means are likely to reach the Motion Defendants. *See, Rio Props. Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1017−18 (9th Cir. 2002).

Plaintiffs have shown good cause why leave should be granted to allow service of the summonses, the Complaint, and all the filings and discovery in this matter on the Motion Defendants via (i) email; (ii) social media direct messaging (i.e., Facebook or LinkedIn); (iii) FedEx International Mail, return receipt requested; or (iv) publication on a designated website. For the foregoing reasons it is hereby

**ORDERED AND ADJUDGED** that Plaintiffs' Motion [**ECF No. ___**] is **GRANTED** as follows:

Plaintiff shall serve electronic copies of the Summons and Complaint via:

1. email as to all Motion Defendants;

2. social media direct messaging as to all Motion Defendants;

3. FedEx International Mail, return receipt requested, as to Motion Defendants that reside in Canada, Hong Kong, and the United Kingdom; and

4. publication on Plaintiffs designated website as to all Motion Defendants.

**DONE AND ORDERED** in Chambers at Miami, Florida, this ___ day of March, 2022.

_____
Judge Robert N. Scola, Jr.
U.S. District Court for the Southern
District of Florida