UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No: 21-CV-23472-SCOLA/GOODMAN

RYAN BIRMINGHAM, et al.,

    Plaintiffs,

v.

ALEX DOE; JOHN DOES 1–3;
OLGA ABRYKOSOVA, et al.,

    Defendants.

_____/

## ORDER GRANTING IN PART AND DENYING IN PART
## PLAINTIFFS' MOTION FOR ALTERNATIVE SERVICE

**THIS MATTER** is before the Court on Ryan Birmingham, et al.'s ("Plaintiffs") Motion for Alternative Service by (i) email; (ii) social media direct messaging (i.e., Facebook or LinkedIn); (iii) FedEx International Mail, return receipt requested; or (iv) publication under Federal Rule of Civil Procedure 4(f)(3) and Incorporated Memorandum of Law ("Motion"). [ECF No. 93].

United States District Court Judge Robert N. Scola referred the matter to the Undersigned. [ECF No. 95]. Judge Scola's referral Order expressly mentions 28 U.S.C. § 636(b)(1)(A) and Rule 1(c) of the Local Magistrate Judge Rules. Both the statute and the rule concern non-dispositive motions, which means Judge Scola's Order requests the Undersigned to issue an Order, not a Report and Recommendations.

For the reasons set forth below, the Undersigned **grants in part and denies in part** the motion.

## BACKGROUND

On September 29, 2021, Plaintiffs filed a Complaint for Damages and Injunctive Relief, alleging that Defendants operated the unincorporated entity ROFX.net, which provided unregulated financial services through its web-based platform to investors around the world. [ECF No. 1]. As a purported class, Plaintiffs alleged counts of Common Law Fraud, Unjust Enrichment, Violation of 18 U.S.C. § 1962(c), Violation of 18 U.S.C. § 1962(d), and Conspiracy. *Id.*

On November 5, 2021, Plaintiffs moved this Court for permission to serve unreachable foreign Defendants[1] via electronic mail, internet direct messaging, web posting, and publication. [ECF No. 36]. Judge Scola granted Plaintiffs' motion, "allowing service of the summons, complaint, temporary restraining order, and all other filings in this matter upon the Defendants identified in [that] Order via electronic mail ('e-mail'), website and social media postings." [ECF No. 38]. Plaintiffs successfully executed service of the Verified Class Action Complaint on eight (8) Defendants via alternate service, including Brass Marker s.r.o., Ester Holdings Inc., ePayments Systems Ltd., Peter Mohylnyi, Boonruk Ruamkit Co., Ltd., IT Outsourcing Co., Ltd., Nattpemol Krinara; and Papahratsorn Raviratporn. *See* Decl. of Ruarri M. Rogan [ECF No. 43, pp. 2–4].

---

[1] In Plaintiffs' first motion, they represent that the subject Defendants maintain the following countries of residence: Belize, United Kingdom, Hong Kong, Scotland, England, Czech Republic, Thailand, Cyprus, and Poland. [ECF No. 36, p.4].

Through preliminary discovery, Plaintiffs claim to have developed a greater understanding of the scheme underlying their lawsuit and the notable players. Consequently, on February 14, 2022, Plaintiffs filed an Amended Complaint, which included additional facts and Defendants. *See* [ECF No. 64]. In the Amended Complaint, Plaintiffs allege causes of action for RICO; fraud (including conspiracy to commit fraud and aiding and abetting fraud); conversion (including conspiracy to commit conversion and aiding and abetting conversion); and unjust enrichment. *Id.* Plaintiffs seek compensatory damages, including costs of suit, interest, and reasonable attorneys' fees. *Id.*

The allegations and arguments in Plaintiffs' Motion are similar to those made in its first motion for alternative service. *Compare* [ECF No. 36] *with* [ECF No. 93]. Plaintiffs contend that Defendants operate almost exclusively via the Internet and use electronic means as reliable forms of contact with each other and their investors. [ECF No. 93]. According to Plaintiffs, Defendants claim to be residents of at least thirteen different countries[2] and have taken calculated steps to avoid identification, including wiring funds through shell companies, sending money through cryptocurrency exchanges, and providing fake addresses on company documents. *Id.* Plaintiffs further contend that Defendants all have at least one form of electronic contact, including email, company website contact forum, or social media, providing a reliable means of communicating with them. *Id.*

Because of the difficulties associated with locating and serving these Defendants,

---

[2] (1) Ukraine, (2) United Kingdom, (3) Bulgaria, (4) Czech Republic, (5) Belarus, (6) Thailand, (7) Cyprus, (8) Poland, (9) China, (10) Hungary, (11) Canada, (12) Republic of Korea, and (13) the United States.

Plaintiffs ask that this Court authorize myriad forms of alternative service pursuant to Federal Rules of Civil Procedure 4(f)(3) and 4(h)(2).

## LEGAL STANDARD

Federal Rule of Civil Procedure 4(f)(3) provides a district court with broad authority to order an alternate method of service to be effectuated upon foreign defendants, provided that it is not prohibited by international agreement and is reasonably calculated to give notice to the defendants. *See* Fed. R. Civ. P. 4(f)(3); *see also Brookshire Bros., Ltd. v. Chiquita Brands Int'l, Inc.*, No. 05-CIV-21962, 2007 WL 1577771, at *2 (S.D. Fla. May 31, 2007) (citing *Prewitt Enters. v. Org. of Petroleum Exporting Countries*, 353 F.3d 916, 921, 927 (11th Cir. 2003)) ("[D]istrict courts have broad discretion under Rule 4(f)(3) to authorize other methods of service that are consistent with due process and are not prohibited by international agreements." (alteration added)).

Although two subsections precede Rule 4(f)(3), it "is not subsumed within or in any way dominated by Rule 4(f)'s other subsections; it stands independently on equal footing." *Rio Properties, Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002). In other words, Rule 4(f)(3) contains no language limiting its availability to scenarios arising only after a plaintiff attempts service of process by other means. Indeed, Rule 4(f)(3) was "adopted in order to provide **flexibility and discretion** to the federal courts in dealing with questions of alternative methods of service of process in foreign countries." *Under Armour, Inc. v. 51nfljersey.com*, No. 13-62809-CIV, 2014 WL 644755, at *2 (S.D. Fla. Feb. 19, 2014) (emphasis added) (quoting *In re Int'l Telemedia Assoc., Inc.*, 245 B.R. 713, 719 (N.D. Ga. 2000)).

4

"[T]he decision to issue an order allowing service by alternate means lies solely within the discretion of the district court." *Chanel, Inc. v. Lin*, No. 08-23490-CIV, 2009 WL 1034627, at *1 (S.D. Fla. Apr. 16, 2009) (citing *Prewitt Enters., Inc. v. Org. of Petroleum Exporting Countries*, 353 F.3d 916, 921 (11th Cir. 2003) (holding that a "district court 'may' direct alternate means of service [under Rule 4(f)(3)]")); *see also Rio Properties, Inc.*, 284 F.3d at 1018 ("[W]e leave it to the discretion of the district court to balance the limitations of email service against its benefits in any particular case."). Once service of process is effectuated outside any judicial district of the United States, pursuant to Rule 4(f)(2) or (f)(3), proof is made "by a receipt signed by the addressee, or by other evidence satisfying the court that the summons and complaint were delivered to the addressee." *Kipu Sys., LLC v. ZenCharts*, LLC, No. 17-24733-CIV, 2018 WL 8264634, at *1 (S.D. Fla. Mar. 29, 2018).

## ANALYSIS

In their Motion, Plaintiffs seek alternate service on twenty-one new and/or unreachable Defendants ("Motion Defendants")[3] by: (1) email; (2) social media direct messaging (i.e., Facebook or LinkedIn); (3) FedEx International Mail, return receipt requested; or (4) publication. Plaintiffs' Motion lists the country of residence for each of the Motion Defendants, each of whom reside in at least one of the following countries: (1)

---

[3] The Motion Defendants include: (1) The Investing Online; (2) Borys Konovalenko; (3) Mayon Holdings Ltd; (4) Mayon Solutions, LLC; (5) Mayon Solutions Ltd; (6) Alex Doe; (7) Vsevolod Tovstun; (8) Olga Tielly; (9) Marina Garda; (10) Daria Eckert; (11) Nataliya Los; (12) Olga Abrykosova; (13) Alla Skala; (14) Jase Victor Davis; (15) Ivan Hrechaniuk; (16) Sergiy Prokopenko; (17) Jared Goodyear; (18) Aware Choice Ltd; (19) Profit Media Group LP; (20) Trans-Konsalt MR Ltd; and (21) Art Sea Group Ltd.

Ukraine; (2) Hong Kong; (3) China; (4) United States; (5) Hungary; (6) United Kingdom; (7) Canada; (8) Czech Republic; (9) Bulgaria; or (10) South Korea/Republic of Korea. [ECF No. 93, p. 6]. Because different considerations apply based on the individual defendant's country of residence, the Undersigned will separate the analysis into the following categories: (1) United States Defendants; (2) Foreign Defendants Residing Outside Ukraine; and (3) Foreign Defendants Residing Inside Ukraine.

1. *United States Defendants*

Plaintiffs seek alternative service under Federal Rule of Civil Procedure 4(f), which is entitled "Serving an Individual in a *Foreign* Country." Fed. R. Civ. P. 4(f) (emphasis added). Immediately preceding this Rule is Rule 4(e), which is entitled "Serving an Individual Within a Judicial District of the United States." Fed. R. Civ. P. 4(e). As Plaintiffs concede, Defendants Mayon Solutions, LLC, Jase Victor Davis, and Jared Goodyear ("United States Defendants") all share the United States as their country of residence. [ECF No. 93, p. 6].

In determining which of these two provisions apply, the Eleventh Circuit has held that the salient consideration is where service is effected, not the location of the served individual, stating:

> We interpret the words "in any judicial district of the United States" in Rule 4(e) to describe the place where the personal or substituted service is "effected" rather than the location, at the precise moment of service, of the individual being served. The individual and the agent need not be in the same place. For example, in the case of an individual who is located in a foreign country but whose legal agent is located in a judicial district of the United States, a plaintiff may either personally serve the individual, per Rule 4(f), or effect substituted service through the individual's agent, per Rule 4(e). In deciding which subsection applies, the focus is upon the place where service is

6

> effected, not the location of the defendant at the time of service. This reading of Rule 4(e)(2) is consistent with the language of subdivisions (g) and (h) which alternately refer to service within a judicial district and to service "*in a place* not within any judicial district of the United States." Fed. R. Civ. P. 4(g), 4(h)(2) (emphasis added).

*Silvious v. Pharaon*, 54 F.3d 697, 701–02 (11th Cir. 1995).

Plaintiffs propose myriad forms of alternative service: (1) email; (2) social media direct messaging (i.e., Facebook or LinkedIn); (3) FedEx International Mail, return receipt requested; or (4) publication. In each of these situations, service would occur in the location the individual received or viewed the service.

According to Plaintiffs' Amended Complaint, Mayon Solutions, LLC is a New Hampshire limited liability company, Jase Victor Davis is a citizen of Mississippi, and Jared Goodyear is a citizen of South Carolina. [ECF No. 64, ¶¶ 25; 48; 50]. Plaintiffs provide no additional information in the Motion indicating that any of the United States Defendants no longer reside in the United States. Thus, the Undersigned finds that Rule 4(f) does not apply, and Plaintiffs must comply with either 4(e) (for individuals) or 4(h) (for corporations).

Rule 4(e) does not contain a subsection similar to Rule 4(f)(3)'s broad conferral of judicial discretion to endorse alternative forms of service. Rather, service under 4(e) may occur in the following manners:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
>> (A) delivering a copy of the summons and of the complaint to the

>   individual personally;
>
>   (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>
>   (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed R. Civ. P. 4(e)(1)-(2).

Rule 4(e)(1) is the only subsection which *could* permit any of the forms of alternative service Plaintiffs propose. Thus, determining whether Plaintiffs suggested forms of alternative service are appropriate requires an examination of the laws of Florida (where this Court is located) or the laws of the State where service is effectuated. *Bolton v. Bosley, Inc.*, No. 13-CIV-60153, 2013 WL 3312227, at *2 (S.D. Fla. June 29, 2013) ("Under Rule 4(e)(1), the criteria for serving a summons is based on either the law of the state where service occurred or the law of the state where the district court is located.").

However, Plaintiffs have put forth no evidence or argument that they have complied with either Florida, Mississippi or South Carolina's rules permitting alternative service, nor have they put forth any argument that any of these states even permit Plaintiffs' proposed methods of alternative service. *Phillips v. Hillcrest Med. Ctr.*, 244 F.3d 790, 800 n.10 (10th Cir. 2001) ("[A] litigant who fails to press a point by supporting it with pertinent authority, or by showing why it is sound despite a lack of supporting authority or in the face of contrary authority, forfeits the point. The court will not do his research for him.").

Thus, the Undersigned denies without prejudice Plaintiffs' request to serve Jase

8

Victor Davis or Jared Goodyear via their proposed forms of alternative service.

Because Mayon Solutions, LLC is a corporation, it is governed by Federal Rule of Civil Procedure 4(h), which provides that a domestic corporation in a judicial district of the United States must be served by one of the following means:

(A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or

(B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant[.]

Fed. R. Civ. 4(h)(1)(A)-(B).

Rule 4(h)(1)(A) cross-references Rule 4(e)(1)'s allowance that service may be made in accordance with State law. Again, Plaintiffs have failed to put forth any argument that they have complied with either Florida or New Hampshire's laws allowing for alternative service or that either state permits Plaintiffs' proposed methods of alternative service.

For the same reasons the Undersigned relied upon to deny Plaintiffs' request as to Davis and Goodyear, the Undersigned denies without prejudice Plaintiffs' request to serve Mayon Solutions, LLC via their proposed forms of alternative service.

2. Foreign Defendants Residing Outside Ukraine

Plaintiffs also request the Court to approve alternative service allowed on the following non-Ukraine based foreign Defendants, residing in the following countries: The Investing Online (Unknown); Mayon Holdings Ltd. (Hong Kong/China); Mayon Solutions Ltd (United Kingdom); Olga Tielly (United Kingdom); Maria Garda (Hungary); Olga

9

Abrykosova (United Kingdom); Alla Skala (Canada); Ivan Hrechaniuk (United Kingdom); Sergiy Prokopenko (Czech Republic); Aware Choice Ltd (United Kingdom); Profit Media Group LP (United Kingdom); Trans-Knsalt MR Ltd (Bulgaria); Art Sea Group Ltd (South Korea/Republic of Korea) ("Foreign Defendants Residing Outside Ukraine").

All of the foreign countries potentially at issue in this Motion are signatories to the Hague Convention on the Service Abroad of Extra-Judicial Documents in Civil and Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361 ("Hague Convention"). The Hague Convention does not specifically preclude service of process via e-mail, social media, return-receipt mail, or by posting on a designated website.

Although some of the Foreign Defendants Residing Outside Ukraine's countries of residence have objected to the alternative means of service provided in Article 10 of the Hague Convention,[4] that objection, by itself, does not preclude the methods of service Plaintiffs propose. Where a signatory nation has objected to the alternative means of service provided by the Hague Convention, that objection is expressly limited to those means and does not represent an objection to other forms of service, such as e-mail, social media messaging, or website posting. *Cf. Stat Med. Devices, Inc. v. HTL-Strefa, Inc.*, No. 15-20590-CIV, 2015 WL 5320947, at *3 (S.D. Fla. Sept. 14, 2015) (noting that an objection to the

---

[4] The "Objecting Countries" of Czech Republic, Bulgaria, Ukraine, Republic of Korea (South Korea), China, Hungary, and the United Kingdom have objected to Article 10 but have not expressly objected to service via e-mail, social media, or website posting. *See* Status Table, HCCH, https://www.hcch.net/en/instruments/conventions/status-table/print/?cid=17 (last visited March 23, 2022) (in order to see whether a country has objected to Article 10, the user must click on the link found in column "Res/D/N/DC" of the corresponding country).

alternative forms of service set forth in the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Nov. 15, 1965, 658 U.N.T.S. 16, is limited to the specific forms of service in the objection).

A court acting under Rule 4(f)(3), therefore, remains free to order alternative means of service where a signatory nation has not *expressly* objected to those means. *See Gurung v. Malhotra*, 279 F.R.D. 215, 219 (S.D.N.Y. 2011). Accordingly, service by e-mail, social media messaging, and publication on a designated website does not violate an international agreement. *See Stat Med. Devices, Inc.*, 2015 WL 5320947, at *3 ("This Court and many other federal courts have permitted service by electronic mail and determined that an objection to Article 10 of the Hague Convention, i.e. an objection to service through "postal channels" does not equate to an express objection to service via electronic mail.").

Furthermore, Canada, Hong Kong, and the United Kingdom do not specifically object to Article 10(a), which authorizes the transmission of judicial documents by "postal channels." Service by FedEx (or other commercial mail couriers) with respect to those Foreign Defendants Residing Outside Ukraine, that reside in these three countries, is thus permissible under the Hague Convention. *See, e.g., TracFone Wireless, Inc. v. Bitton*, 278 F.R.D. 687, 690–91 (S.D. Fla. Jan. 11, 2012) (finding that service upon a Canadian resident via FedEx is permissible pursuant to Rule 4(f)(2)(C)(ii) because Canada does not object to Article 10(a) of the Hague Convention); *TracFone Wireless, Inc. v. Unlimited PCS Inc.*, 279 F.R.D. 626, 631 (S.D. Fla. 2012) (finding that FedEx service of summons and complaint to Hong Kong defendant was a permissible postal channel under Article 10(a)); *Strax Americas, Inc. v. Tech*

*21 Licensing Ltd.*, 16-25369-CIV, 2017 WL 5953117, at *2 (S.D. Fla. Mar. 23, 2017) (holding that service via FedEx on the United Kingdom defendants was an acceptable form of alternative service, not prohibited by international agreement, and reasonably calculated to fulfill due process requirements).

Additionally, e-mail, social media messaging, return-receipt mail, and designated website posting are reasonably calculated to give notice to the Foreign Defendants Residing Outside Ukraine.

Multiple courts have permitted service via the means suggested by Plaintiffs (including this Court in an earlier Order [ECF No. 38]), where, as here: (1) the Motion Defendants conducted their businesses over the Internet; (2) the Motion Defendants used e-mail and social media regularly in their businesses; and (3) Plaintiffs show such means are likely to reach the Motion Defendants. *See, e.g., Rio Props. Inc.*, 284 F.3d at 1017–18 (service by email was constitutionally appropriate where the defendant operated entirely online and could be contacted only via its email); *Tracfone Wireless, Inc. v. Hernandez*, 126 F. Supp. 3d 1357, 1365 (S.D. Fla. 2015) (permitting service on Belize defendant via email and FedEx); *adidas AG v. Individuals, Partnerships, & Unincorporated Associations Identified on Schedule "A"*, No. 19-63109-CIV, 2019 WL 9595881, at *2 (S.D. Fla. Dec. 27, 2019) (permitting Rule 4(f)(3) service via social media accounts, "including private messaging applications and/or services"); S.*A.S. Jean Cassegrain v. accessoiresnet.info*, No. 17-61593-CV, 2017 WL 10742773, at *3 (S.D. Fla. Sept. 27, 2017) ("By putting all pleadings, documents, and docket entries on a publication website and notifying [the] [d]efendants about the website via a valid email or

onsite contact form, [the] [p]laintiffs have taken steps reasonably calculated to inform [the] [d]efendants about this action.").

In this case, Plaintiffs have provided sufficient evidence to indicate that these forms of alternative service are "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). By way of example, Plaintiffs have identified and located Olga Tielly's Facebook and Instagram page, found the email Sergiy Prokopenko used to sign up for a cryptocurrency exchange, and obtained the listed business email address with the Companies Registry of Hong Kong for Mayon Holding Ltd.

Accordingly, the Court authorizes alternate service of process on the Foreign Defendants Residing Outside Ukraine via email, social media messages, and publication on Plaintiffs' website. Additionally, the Canada, Hong Kong, and the United Kingdom Defendants may also be served via FedEx delivery.

3. Foreign Defendants Residing Inside Ukraine

The remainder of foreign defendants for whom Plaintiffs seek to serve via alternative service reside in Ukraine: Borys Konovalenko; Alex Doe; Vsevolod Tovstun; Daria Eckert; and Nataliya Los ("Foreign Defendants Residing Inside Ukraine"). Ukraine, like the foreign countries discussed earlier in this Order, is also a member of the Hague Convention. Indeed, many of the legal principles discussed earlier in this Order apply equally to Ukrainian residents.

**However**, unlike the other countries at issue, Ukraine has been in a state of war since

Russia's unprovoked invasion on February 24, 2022. *See* Joe Biden, *Remarks by President Biden on Russia's Unprovoked and Unjustified Attack on Ukraine*, THE WHITE HOUSE BRIEFING ROOM (February 24, 2022 at 1:43 P.M.), https://www.whitehouse.gov/briefing-room/speeches-remarks/2022/02/24/remarks-by-president-biden-on-russias-unprovoked-and-unjustified-attack-on-ukraine/ ("The Russian military has begun a brutal assault on the people of Ukraine without provocation, without justification, without necessity."); *Timeline: The events leading up to Russia's invasion of Ukraine*, REUTERS (March 1, 2022), https://www.reuters.com/world/europe/events-leading-up-russias-invasion-ukraine-2022-02-28/ (on February 24, 2022, "Russian forces begin missile and artillery attacks, striking major Ukrainian cities including Kiev").

Russia's invasion has levied a heavy toll on Ukraine and its people. More than 900 civilians have been killed and a further 1,459 have been injured. Joe Hernandez, *More than 900 civilians have died in Ukraine. The true number is likely much higher*, NPR (March 20, 2022) https://www.npr.org/2022/03/20/1087781833/ukraine-deaths-casualties ("The Office of the UN High Commissioner for Human Rights says 902 civilians have been killed and another 1,459 have been wounded so far in the war in Ukraine. The office warned that the actual number is likely 'considerably higher.'").

Internet outages in Ukraine have been increasing and British intelligence warned that "Russia is probably targeting Ukraine's communications infrastructure in order to reduce Ukrainian Citizens' access to reliable news and information." Kevin Collier and Yuliya Talmazan, *Ukraine facing major regional internet outages as Russian invasion continues*, NBC

News (March 9, 2022), https://www.nbcnews.com/tech/tech-news/ukraine-facing-major-regional-internet-outages-russian-invasion-contin-rcna18973.

Fear of power outages affecting hospitals, shelters, and water treatment plants has driven supporting countries to send generators to ease the strains on Ukraine's under-siege power grid. Heather Stewart, *UK to donate more than 500 mobile generators to Ukraine*, The Guardian (March 13, 2022) https://www.theguardian.com/world/2022/mar/14/uk-to-donate-more-than-500-mobile-generators-to-ukraine.

Entire cities are struggling for food, water, and medicine. Rebecca Falconer, *Zelensky: 100,000 trapped in Mariupol with "no food, no water,"* Axios (March 23, 2022), https://www.axios.com/zelensky-100000-mariupol-trapped-no-food-water-c5b66866-827c-4a3e-b0e8-c9139cafa885.html.

This situation is so bleak that it is estimated that more than ten million people have fled their homes. *How many Ukrainians have fled their homes and where have they gone?*, BBC News (March 23, 2022), https://www.bbc.com/news/world-60555472 (last visited March 23, 2022).

With the people of Ukraine's food, water, power, internet, homes, and lives under constant, vicious bombings, gunfire, and assault, the Undersigned has no confidence that any of the alternative means of service proposed by Plaintiffs are currently reasonably calculated, under all the circumstances, to apprise the Foreign Defendants Residing in Ukraine of the pendency of the action. The Undersigned cannot imagine that an individual surrounded by the harsh realities of modern warfare will be spending their time checking

their Facebook page, LinkedIn messages, or following the instructions of an email directing them to a publication website.

In fact, Plaintiffs appear aware of the difficulties attendant to the warfare. In their 7.1(A)(3) Certificate of Conferral, Plaintiffs state that they:

> attempted to confer with Defendants Borys Konovalenko and Anna Shymko via email on February 23 at 12:41 PM EST and March 1, 2022 at 12:57 PM EST, using email addresses Konovalenko and Shymko had either provided to the Court or used for communicating with the undersigned. Neither Konovalenko nor Shymko responded. Given that both Konovalenko and Shymko are Ukrainian and are known to travel to Ukraine from time to time, it is possible the Russian invasion of Ukraine may have disrupted their ability to communicate.

[ECF No. 93, p. 24].

Plaintiffs, of course, are permitted to file another motion containing additional facts and argument that any or all of the Foreign Defendants Residing in Ukraine are either still active in these alternative channels (i.e., regularly posting on Facebook or responding to direct messages) or are otherwise unimpacted by the war. At this time, however, Plaintiffs' request to serve the Foreign Defendants Residing in Ukraine via alternate service is denied without prejudice.

## CONCLUSION

Plaintiffs have shown good cause why leave should be granted to allow service of the summonses, the Complaint, and all the filings and discovery in this matter on the Foreign Defendants Residing Outside Ukraine via (i) email; (ii) social media direct messaging (i.e., Facebook or LinkedIn); (iii) FedEx International Mail, return receipt requested; or (iv)

publication on a designated website. For the foregoing reasons it is hereby **ORDERED AND ADJUDGED** that Plaintiffs' Motion is **granted in part and denied in part**:

Plaintiffs may serve electronic copies of the Summons and Complaint via:

1. email as to all Foreign Defendants Residing Outside Ukraine;

2. social media direct messaging as to all Foreign Defendants Residing Outside Ukraine;

3. FedEx International Mail, return receipt requested, as to Foreign Defendants Residing Outside Ukraine that reside in Canada, Hong Kong, and the United Kingdom; and

4. publication on Plaintiffs' designated website as to all Foreign Defendants Residing Outside Ukraine.

Once completed, Plaintiffs shall file a copy of delivery confirmation (or substantially equivalent document) as proof that service has been carried out upon Foreign Defendants Residing Outside Ukraine as required by Federal Rule of Civil Procedure 4(l)(2)(B). Plaintiffs' Motion is **denied** in all other respects.

**DONE AND ORDERED** in Chambers, Miami, Florida, on March 24, 2022.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Robert N. Scola, Jr.
All counsel of record