IN THE UNITED STATES DISTRICT
COURT FOR THE SOUTHERN DISTRICT OF
FLORIDA

RYAN BIRMINGHAM, ROMAN LEONOV,
STEVEN HANSEN, MITCHELL PARENT,
and JONATHAN ZARLEY,
individually and on behalf of all others
similarly situated,

                       Plaintiffs,

v.

ALEX DOE, *et al.*,

                       Defendants.

C.A. No. 1:21-cv-23472-RNS

## [PROPOSED] DEFAULT JUDGMENT AS TO LIABILITY

The Defendants listed below have failed to appear, plead, or otherwise defend in this action, and default was entered against them on May 27, 2022 [ECF No. 145] and May 31, 2022 [ECF Nos. 154–55]. On June 27, 2022, Plaintiffs Ryan Birmingham, Roman Leonov, Steven Hansen, Mitchell Parent, and Jonathan Zarley (collectively, "Plaintiffs") filed their Motion for Entry of Default Judgment as to Liability [ECF No. __]—and requested the Court defer ruling as to damages until after the Court rules on Plaintiffs' forthcoming class certification motion—for the following 26 Defendants:

- **Peter Mohylny**
- **The Investing Online**
- **Ester Holdings, Inc.**
- **Wealthy Developments LP**
- **VDD-Trading, Ltd.**
- **Dmytro Fokin**
- **Ivan Hrechaniuk**
- **Manuchar Daraselia**
- **Brass Marker s.r.o**.
- **Sergiy Prokopenko**
- **Profit Media Group LP**

- **Auro Advantages, LLC.**
- **Borys Konovalenko**
- **Mayon Holding, Ltd.**
- **Marina Garda**
- **Mayon Solutions, LLC.**
- **Olga Tielly**
- **Notus, LLC.**
- **Global E-Advantages, LLC.**
- **Alla Skala**
- **Olga Abrykosova**
- **Easy Com, LLC.**
- **ShopoStar, LLC.**
- **Grovee, LLC.**
- **Trans-Konsalt MR, Ltd.**
- **Art Sea Group, Ltd.**

By virtue of the default, Defendant has admitted the well-pleaded allegations of fact in Plaintiffs' Amended Complaint ("Complaint") as true. *Nishimatsu Constr. Co. v. Houston Nat'l Bank,* 515 F.2d 1200, 1206 (5th Cir. 1975). Before entering default judgment, the Court must ensure that the well-pled factual allegations of the Complaint, which are assumed to be true, adequately state a claim for which relief may be granted. *Id.*

Here, the Complaint adequately alleges that the Plaintiffs' claims under 18 U.S.C. § 1962(c) are premised on the Defendants' "pattern of criminal activity for a common purpose" and that the Defendants conspired "to hide, launder, and otherwise wrongfully retain the proceeds of the RoFx Scheme." Am. Compl. ¶¶ 261, 263. With respect to Plaintiffs' claims under 18 U.S.C. § 1962(d), such are premised on the Defendants' "conspiring to violate 18 U.S.C. § 1962(c)" by "agree[ing] to the overall objective of the conspiracy, or they agree[ing] to commit personally at least acts of racketeering." *Id*. ¶¶ 306, 308.

In addition to these federal claims, the Complaint adequately alleges Defendants committed fraud under Florida law because: (1) Defendants "made false statements of material fact regarding the RoFx Scheme"; (2) Defendants did so "with knowledge that the statements were false and intent that others would be induced to contribute to the RoFx Scheme"; (3) "Plaintiffs and the Class relied on the misrepresentations"; (4) Plaintiffs and the Class "contributed $75 million or more into the illusory RoFx Scheme"; and (5) "Plaintiffs' and Class's contributions to the Scheme actually and proximately caused Plaintiffs and the Class damage when the RoFx Scheme collapsed, rendering Plaintiffs' funds inaccessible to Plaintiffs and the

Class." *Id.* ¶¶ 313–16. With respect to the Plaintiffs' conspiracy to commit fraud claims, such are premised on the Defendants' agreement "to participate with one or more of the RoFx operators to commit the fraud" and that each of the Defendants "executed overt acts pursuant to the conspiracy." *Id.* ¶¶ 319–20. The Plaintiffs' aiding and abetting fraud claims are premised on the fact that the Defendants knowingly "aided the RoFx Operators to commit or conceal the fraud" and that the Defendants "substantially assisted the RoFx Operators to commit or conceal the fraud." *Id.* ¶¶ 324–25.

Furthermore, the Complaint adequately alleges that the Defendants conspired to commit conversion under Florida law because the Defendants knowingly "agreed to participate with the RoFx Operators to commit conversion" and each Defendant "executed overt acts pursuant to the conspiracy." *Id.* ¶¶ 334–35. With respect to the Plaintiffs' aiding and abetting conversion claims, such are premised on the fact that the Defendants knowingly "aided the RoFx Operators to commit or conceal the conversion" and that the Defendants "substantially assisted the RoFx Operators to commit or conceal the conversion. *Id.* ¶¶ 339–40.

The Plaintiffs' claims are asserted via highly detailed factual allegations in the Complaint and supported by the accompanying exhibits filed in support of Plaintiffs' Complaint. The Court finds Plaintiffs have submitted sufficient evidence to establish Plaintiffs' entitlement to judgment as to liability. The Court notes the record demonstrates each of the Defaulting Defendants: (1) engaged in a pattern of racketeering activity in violation of 18 U.S.C. § 1962(c); (2) conspired to engage in racketeering activity in violation of 18 U.S.C. § 1962(d); (3) committed fraud under Florida law; (4) conspired to commit fraud under Florida law; (5) aided and abetted fraud in violation of Florida law; (5) aided and abetted fraud in violation of Florida law; (6) conspired to commit conversion in violation of Florida law; and (7) aided and abetted conversion in violation of Florida law. As a result, the Plaintiffs are entitled to judgment as to liability with damages to be determined once the Court has an opportunity to decide whether the present action is appropriate for class treatment.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that the Motion for Entry of Default Judgment [ECF No. __] is **GRANTED**, and Judgment is hereby entered in favor of the Plaintiffs against the Defaulting Defendants as to liability *only*.

**DONE AND ORDERED** IN Chambers at Miami, Miami-Dade County, Florida this \_\_\_\_ day of _____, 2022.

                                                                    _____
                                                                         Hon. Robert N. Scola, Jr.
                                                               United States District Court Judge