IN THE UNITED STATES DISTRICT
COURT FOR THE SOUTHERN DISTRICT OF
FLORIDA

| | |
|---|---|
| RYAN BIRMINGHAM, ROMAN LEONOV, STEVEN HANSEN, MITCHELL PARENT, and JONATHAN ZARLEY, individually and on behalf of all others similarly situated,<br><br>　　　　　　　　　Plaintiffs,<br><br>v.<br><br>ALEX DOE, *et al.*,<br><br>　　　　　　　　　Defendants. | Case No. 1:21-cv-23472-RNS |

**[PROPOSED] DEFAULT JUDGMENT AS TO *LIABILITY ONLY*** 

　　　Mayon Solutions, LLC ("Mayon USA") failed to appear, plead, or otherwise defend in this action, and default was entered against it on June 16, 2022 [ECF No. 168]. On July 15, 2022, Plaintiffs Ryan Birmingham, Roman Leonov, Steven Hansen, Mitchell Parent, and Jonathan Zarley (collectively, "Plaintiffs") filed their Motion for Entry of Default Judgment as to *Liability Only* [ECF No. __]—and requested the Court defer ruling as to damages until after the Court rules on Plaintiffs' forthcoming class certification motion—for Mayon USA:

　　　By virtue of the default, Defendant has admitted the well-pleaded allegations of fact in Plaintiffs' Amended Complaint ("Complaint") as true. *Nishimatsu Constr. Co. v. Houston Nat'l Bank,* 515 F.2d 1200, 1206 (5th Cir. 1975). Before entering default judgment, the Court must ensure that the well-pled factual allegations of the Complaint, which are assumed to be true, adequately state a claim for which relief may be granted. *Id.*

　　　Here, the Complaint adequately alleges that the Plaintiffs' claims under 18 U.S.C. § 1962(c) are premised on Mayon USA's "pattern of criminal activity for a common purpose" and that Mayon USA conspired "to hide, launder, and otherwise wrongfully retain the proceeds of the RoFx Scheme." Am. Compl. ¶¶ 261, 263. With respect to Plaintiffs' claims under 18

U.S.C. § 1962(d), such are premised on Mayon USA's "conspiring to violate 18 U.S.C. § 1962(c)" by "agree[ing] to the overall objective of the conspiracy, or [its] agree[ing] to commit personally at least acts of racketeering." *Id*. ¶¶ 306, 308.

In addition to these federal claims, the Complaint adequately alleges Mayon USA conspired to commit fraud under Florida law. *Id*. ¶¶ 319–20. With respect to the Plaintiffs' conspiracy to commit fraud claims, such are premised on Mayon USA's agreement "to participate with one or more of the RoFx operators to commit the fraud" and on the fact that Mayon USA "executed overt acts pursuant to the conspiracy." *Id*. ¶¶ 319–20. The Plaintiffs' aiding and abetting fraud claims are premised on the fact that Mayon USA knowingly "aided the RoFx Operators to commit or conceal the fraud" and "substantially assisted the RoFx Operators to commit or conceal the fraud." *Id*. ¶¶ 324–25.

Furthermore, the Complaint adequately alleges that Mayon USA conspired to commit conversion under Florida law because Mayon USA knowingly "agreed to participate with the RoFx Operators to commit conversion" and "executed overt acts pursuant to the conspiracy." *Id*. ¶¶ 334–35. With respect to the Plaintiffs' aiding and abetting conversion claims, such are premised on the fact that Mayon USA knowingly "aided the RoFx Operators to commit or conceal the conversion" and "substantially assisted the RoFx Operators to commit or conceal the conversion. *Id*. ¶¶ 339–40.

The Plaintiffs' claims are asserted via highly detailed factual allegations in the Complaint and supported by the accompanying exhibits filed in support of Plaintiffs' Complaint. The Court finds Plaintiffs have submitted sufficient evidence to establish Plaintiffs' entitlement to judgment as to liability. The Court notes the record demonstrates Mayon USA: (1) engaged in a pattern of racketeering activity in violation of 18 U.S.C. § 1962(c); (2) conspired to engage in racketeering activity in violation of 18 U.S.C. § 1962(d); (3) conspired to commit fraud under Florida law; (4) aided and abetted fraud in violation of Florida law; (5) aided and abetted fraud in violation of Florida law; (6) conspired to commit conversion in violation of Florida law; and (7) aided and abetted conversion in violation of Florida law. As a result, the Plaintiffs are entitled to judgment as to liability with damages to be determined once the Court has an opportunity to decide whether the present action is appropriate for class treatment.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that the Motion for Entry of Default Judgment [ECF No. __] is **GRANTED**, and Judgment is hereby entered in favor of the

Plaintiffs against Mayon USA as to liability *only*.

**DONE AND ORDERED** IN Chambers at Miami, Miami-Dade County, Florida this _____ day of July, 2022.

                                                                                           _____
                                                                                           Hon. Robert N. Scola, Jr.
                                                                                           United States District Court Judge