UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No: 21-CV-23472-SCOLA/GOODMAN

RYAN BIRMINGHAM, et al.,

    Plaintiffs,

v.

ALEX DOE; JOHN DOES 1–3;
OLGA ABRYKOSOVA, et al.,

    Defendants.

_____/

## ORDER DENYING PLAINTIFFS' MOTION FOR ALTERNATIVE SERVICE

**THIS MATTER** is before the Court on Ryan Birmingham, et al.'s ("Plaintiffs") Motion for Alternative Service on Defendants Jase Victor Davis and Anton Bilous and Memorandum in Support (the "Motion"). [ECF No. 186].

United States District Court Judge Robert N. Scola referred the matter to the Undersigned. [ECF No. 188]. Judge Scola's referral Order expressly mentions 28 U.S.C. § 636(b)(1)(A) and Rule 1(c) of the Local Magistrate Judge Rules. Both the statute and the rule concern non-dispositive motions, which means Judge Scola's Order requests the Undersigned to issue an Order, not a Report and Recommendations.

For the reasons set forth below, the Undersigned **denies** the Motion.

### BACKGROUND

On February 14, 2022, Plaintiffs filed an Amended Complaint for Damages and Injunctive Relief, alleging that Defendants operated the unincorporated entity ROFX.net, which provided unregulated financial services through its web-based platform to investors around the world. [ECF No. 64]. As self-described representatives of a purported class, Plaintiffs alleged counts of Common Law Fraud, Unjust Enrichment, Violation of 18 U.S.C. § 1962(c), Violation of 18 U.S.C. § 1962(d), and Conspiracy. *Id.*

This is Plaintiffs' third motion for alternative service. [ECF Nos. 36; 93; 186]. In the Undersigned's earlier Order granting in part and denying in part Plaintiffs' second motion for alternative service, I detailed the difficulties Plaintiffs faced in their attempts to serve many of the opposing parties in this case. [ECF No. 98]. Plaintiffs' current motion focuses on two of the remaining unserved Defendants, Jase Victor Davis and Anton Bilous.

According to Plaintiffs, Davis' last known address is in Mississippi and they, despite diligent efforts, have been unable to serve him via traditional means. [ECF No. 186-1]. Plaintiffs' efforts to locate Davis include engaging a private investigator, asking process servers to perform "skip-tracing,"[1] and reviewing documents detailing similar investigative steps taken in another action in this District in which Davis is a defendant[2]. *Id.* Similarly,

---

[1]   Running a skip trace (a.k.a. "skip-trace" or "skip-tracing") is "the process of developing new telephone, address, job or asset information on a customer, or verifying the accuracy of such information." *Meyer v. Portfolio Recovery Assocs.*, 707 F.3d 1036, 1040 n.1 (9th Cir. 2012). A "skiptracing agency" is a "service that locates persons (such as delinquent debtors, missing heirs, witnesses, stockholders, bondholders, etc.) or missing assets (such as bank accounts)." Black's Law Dictionary, Skiptracing Agency (11th ed. 2019).

[2]   *Commodity Futures Trading Commission ("CFTC") v. Notus et. al*, 1:22-cv-20291-DPG

Plaintiffs have been able to determine only that Bilous currently resides in the United Kingdom. *Id.* Their investigative efforts into Bilous' location are similar to those described in the Davis investigation.

## LEGAL STANDARD

Federal Rule of Civil Procedure 4(e) governs service on individuals within a judicial district of the United States. It permits service via the following means:

service under 4(e) may occur in the following manners:

   (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or

   (2) doing any of the following:

   (A) delivering a copy of the summons and of the complaint to the individual personally;

   (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

   (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed R. Civ. P. 4(e)(1)-(2).

When attempting to serve a foreign defendant, Federal Rule of Civil Procedure 4(f)(3) provides a district court with broad authority to order an alternate method of service to be effectuated, requiring only that the service method is not prohibited by international agreement and is reasonably calculated to give notice to the defendants. *See* Fed. R. Civ. P.

---

(S.D. Fla.).

4(f)(3); *see also Brookshire Bros., Ltd. v. Chiquita Brands Int'l, Inc.*, No. 05-CIV-21962, 2007 WL 1577771, at *2 (S.D. Fla. May 31, 2007) (citing *Prewitt Enters. v. Org. of Petroleum Exporting Countries*, 353 F.3d 916, 921, 927 (11th Cir. 2003)) ("[D]istrict courts have broad discretion under Rule 4(f)(3) to authorize other methods of service that are consistent with due process and are not prohibited by international agreements." (alteration added)).

Although two subsections precede Rule 4(f)(3), it "is not subsumed within or in any way dominated by Rule 4(f)'s other subsections; it stands independently on equal footing." *Rio Props., Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002). In other words, Rule 4(f)(3) contains no language limiting its availability to scenarios arising only after a plaintiff attempts service of process by other means. Indeed, Rule 4(f)(3) was "adopted in order to provide **flexibility and discretion** to the federal courts in dealing with questions of alternative methods of service of process in foreign countries." *Under Armour, Inc. v. 51nfljersey.com*, No. 13-62809-CIV, 2014 WL 644755, at *2 (S.D. Fla. Feb. 19, 2014) (emphasis added) (quoting *In re Int'l Telemedia Assoc., Inc.*, 245 B.R. 713, 719 (N.D. Ga. 2000)).

"[T]he decision to issue an order allowing service by alternate means lies solely within the discretion of the district court." *Chanel, Inc. v. Lin*, No. 08-23490-CIV, 2009 WL 1034627, at *1 (S.D. Fla. Apr. 16, 2009) (citing *Prewitt Enters., Inc.*, 353 F.3d at 921 (holding that a "district court 'may' direct alternate means of service [under Rule 4(f)(3)]")); *see also Rio Props., Inc.*, 284 F.3d at 1018 ("[W]e leave it to the discretion of the district court to balance the limitations of email service against its benefits in any particular case.").

Once service of process is effectuated outside any judicial district of the United States,

4

pursuant to Rule 4(f)(2) or (f)(3), proof is made "by a receipt signed by the addressee, or by other evidence satisfying the court that the summons and complaint were delivered to the addressee." *Kipu Sys., LLC v. ZenCharts*, LLC, No. 17-24733-CIV, 2018 WL 8264634, at *1 (S.D. Fla. Mar. 29, 2018).

In determining which service provision applies and which restrictions must bind the party seeking to serve and individual, the Eleventh Circuit has held that the salient consideration is where service is effected, not the location of the served individual, stating:

> We interpret the words "in any judicial district of the United States" in Rule 4(e) to describe the place where the personal or substituted service is "effected" rather than the location, at the precise moment of service, of the individual being served. The individual and the agent need not be in the same place. For example, in the case of an individual who is located in a foreign country but whose legal agent is located in a judicial district of the United States, a plaintiff may either personally serve the individual, per Rule 4(f), or effect substituted service through the individual's agent, per Rule 4(e). In deciding which subsection applies, the focus is upon the place where service is effected, not the location of the defendant at the time of service. This reading of Rule 4(e)(2) is consistent with the language of subdivisions (g) and (h) which alternately refer to service within a judicial district and to service "*in a place* not within any judicial district of the United States." Fed. R. Civ. P. 4(g), 4(h)(2) (emphasis added).

*Silvious v. Pharaon*, 54 F.3d 697, 701–02 (11th Cir. 1995).

## ANALYSIS

Plaintiffs' Motion seeks an Order permitting alternative service on both a United States-based Defendant (Davis) and a foreign-based Defendant (Bilous). This means that both Rule 4(e) and Rule 4(f) are implicated. Because different considerations apply, the Undersigned will separate the analysis based on the particular Defendant's purported

location.

1. *United States Defendant*

Plaintiffs contend that this Court should permit them to serve Davis by publication in *The Commercial Dispatch*, a newspaper published in Lowndes County, Mississippi. Because Plaintiffs say that Davis has been elusive in evading service, Plaintiffs argue that "alternate service in this publication is the best practicable means for providing Davis notice of this action and is reasonably calculated to give him actual notice of the proceeding." [ECF No. 186]. As legal support, Plaintiffs rely upon Federal Rule of Civil Procedure 4(e)(1), Mississippi Statute § 13-3-27, and Mississippi Rule of Civil Procedure 4(c)(4)(A). As explained below, although Plaintiffs meet the requirements to attempt service by publication under Mississippi law, their proposed publication fails to comport with Mississippi law.

Federal Rule of Civil Procedure 4(e)(1) permits service which follows the "state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Mississippi Statute § 13-3-27 requires that "[p]ublication of summons in all cases and in every court, when authorized by law, shall be made as prescribed in the Mississippi Rules of Civil Procedure." Miss. Code. Ann. § 13-3-27 (West). Finally, Mississippi Rule of Civil Procedure 4(c) permits service by publication

> [i]f the defendant in any proceeding in a chancery court, or in any proceeding in any other court where process by publication is authorized by statute, be shown by sworn complaint or sworn petition, or by a filed affidavit, to be a

6

>   nonresident of this state or not to be found therein on diligent inquiry and the post office address of such defendant be stated in the complaint, petition, or affidavit, or if it be stated in such sworn complaint or petition that the post office address of the defendant is not known to the plaintiff or petitioner after diligent inquiry . . . .

Miss. R. Civ. P. 4(c)(4)(A).

Under the plain reading of the relevant statutes and rules, Plaintiffs have met the requirements to effectuate service by publication -- i.e., submitting an affidavit establishing that Davis is a resident of Mississippi for whom they have been unable to locate after diligent inquiry. [ECF No. 186-1]. Thus, the Undersigned must next turn to Plaintiffs' proposed publication.

As Plaintiffs quote in their motion, Mississippi Rule of Civil Procedure 4(c)(4)(B) requires, in relevant part, that the "publication of said summons shall be made once in each week during three successive weeks in a public newspaper *of the county in which the complaint or petition, account, cause or other proceeding is pending.*" Miss. R. Civ. P. 4(c)(4)(A)(B) (emphasis added). This is where Plaintiffs' publication request runs astray. Plaintiffs propose that service be publicized for three weeks in a newspaper located in Lowndes County, Mississippi. However, Plaintiffs have pointed to no complaint, petition, account, cause, or other proceeding in this action which is pending in Lowndes County, which means it is an inappropriate county for publication.

Because the plain reading of Mississippi's service-by-publication rule requires that the publication be made in a county in which the action or other proceeding is pending and Plaintiffs have not shown that anything connects this case to Lowndes County, Plaintiffs'

request is **denied**.

2. Foreign Defendant

Plaintiffs also request the Court to approve alternative service on Bilous, an individual residing in the United Kingdom. According to Plaintiffs, they have been unable to locate a recent address or obtain any reliable means of contact (i.e., email, social media, telephone, etc.). Because of this, Plaintiffs seek permission to serve Bilous via publication on the website dedicated to this litigation. They argue that because "Bilous operated completely online without any face-to-face interaction with customers . . . service by publication on Plaintiffs' website is reasonably calculated to provide Bilous with notice that comports with due process." [ECF No. 186].

The Court previously granted Plaintiffs permission to serve Bilous via "email, company websites, and social media messages." [ECF No. 38]. For the reasons expressed below, Plaintiffs' request to serve Bilous via publication on their website is denied to the extent that it does not conflict with this Court's previous Order permitting alternative service on Bilous.

Plaintiffs are correct the trial court is given broad discretion to permit alternative service provided that the alternative service is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950); *cf. Rio Props. Inc.*, 284 F.3d at 1017–18 (service by email was constitutionally appropriate where the defendant operated entirely online and could be contacted only via its email); *Tracfone Wireless, Inc. v. Hernandez*, 126 F.

Supp. 3d 1357, 1365 (S.D. Fla. 2015) (permitting service on Belize defendant via email and FedEx); *adidas AG v. Individuals, Partnerships, & Unincorporated Associations Identified on Schedule "A"*, No. 19-63109-CIV, 2019 WL 9595881, at *2 (S.D. Fla. Dec. 27, 2019) (permitting Rule 4(f)(3) service via social media accounts, "including private messaging applications and/or services"); S.*A.S. Jean Cassegrain v. accessoiresnet.info*, No. 17-61593-CV, 2017 WL 10742773, at *3 (S.D. Fla. Sept. 27, 2017) ("By putting all pleadings, documents, and docket entries on a publication website and notifying [the] [d]efendants about the website via a valid email or onsite contact form, [the] [p]laintiffs have taken steps reasonably calculated to inform [the] [d]efendants about this action.").

However, Plaintiffs have not convinced the Undersigned that their proposed alternative service -- "posting the Summonses, Complaint, and Amended Complaint on the Plaintiffs' website" [ECF No. 186] -- is reasonably calculated to apprise Bilous of the pendency of the action. In support of their argument, Plaintiffs highlight that their website "has tracked hundreds of pages visits, many of them from international sources," social media website such as Reddit and Facebook have posted threads concerning the litigation, and legal media news outlets have authored articles containing information related to the action. Despite the publicity this case has received, there is nothing that demonstrates that *Bilous* is reasonably likely to visit Plaintiff's website and become aware of the action.

The cases that Plaintiffs cite in support of their request have often authorized a publication-plus method of service (i.e., emailing or texting a defendant a link to the website). *See S.A.S. Jean Cassegrain*, 2017 WL 10742773, at *4 ("Given [the] [p]laintiffs'

9

extensive efforts to serve [d]efendants at their physical addresses and their ability to reach the [d]efendants via email or onsite contact form, the facts and circumstances warrant allowing service on [d]efendants by email and publication website."); *MPL Commc'ns Ltd. v. Individuals, Partnerships & Unincorporated Associations Identified on Schedule "A"*, No. 20-CIV-61418-RAR, 2020 WL 6572474, at *2 (S.D. Fla. July 17, 2020) (permitting the plaintiff to serve defendants "via e-mail by providing the address to [p]laintiff's designated serving notice website to [d]efendants via the e-mail accounts provided by each [d]efendant"). Here, however, Plaintiffs propose only publication.

At bottom, there is currently a lack of evidence establishing that it is reasonably likely that Bilous is checking Plaintiffs' website and will be made aware of the summons. As Plaintiffs allege in their motion, "Bilous operated completely online without any face-to-face interaction with customers." [ECF No. 186]. Thus, it seems that there must be some web-based means of contacting or communicating with Bilous. And, perhaps that information can be used to support another form of alternative service or to provide additional evidence demonstrating why the currently proposed alternative service is reasonably likely to apprise Bilous of the proceedings.

For these reasons, Plaintiffs' request to serve Bilous via publication on their website is **denied** to the extent it is inconsistent with the Court's prior ruling.

## CONCLUSION

Plaintiffs' proposed means of serving Davis via publication in Mississippi does not comply with Mississippi law concerning the manner of publication. Therefore, their request

to serve Davis via publication in *The Commercial Dispatch* is **denied.**

Further, Plaintiffs have failed to establish a factual basis supporting the contention that publication on their website is reasonably likely to apprise Bilous of the proceeding. Therefore, Plaintiffs' request to serve Davis via publication on their website is **denied**.

**DONE AND ORDERED** in Chambers, Miami, Florida, on August 25, 2022.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Robert N. Scola, Jr.
All counsel of record