United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Ryan Birmingham and others, Plaintiffs, <br><br> v. <br><br> ROFX.net and others, Defendants. | ) ) ) ) Civil Action No. 21-23472-Civ-Scola ) ) ) |

**Order on the Plaintiffs' Motion for Class Certification**

This cause is before the Court upon the Plaintiffs Ryan Birmingham, Roman Leonov, Steven Hansen, Mitchell Parent, and Jonathan Zarley's (collectively, the "Plaintiffs") motion for class certification pursuant to Federal Rule of Civil Procedure 23. (Mot., ECF No. 241.) None of the Defendants has responded to the Plaintiffs' motion. The Court has carefully reviewed the motion, the record, the applicable law, and is otherwise fully advised in the premises. For the reasons set forth below, the Court **denies**, without prejudice, the Plaintiffs' motion for class certification. (**Mot., ECF No. 241**.)

1. **Background**[1]

The Plaintiffs filed the instant action on September 29, 2021, and amended their complaint on February 14, 2022. The case arises from the Defendants' purported scheme to defraud the Plaintiffs and similarly situated customers who invested in RoFx.net, a phony trading website.

Per the Plaintiffs, between 2018 and 2021, an informal association of Ukrainians (the "RoFx Operators") operated a phony foreign exchange trading service via RoFx.net—a website hosted in Jacksonville, Florida. (Am. Compl. ¶¶ 1, 3-4, 17-18, 121, ECF No. 64.) The RoFx Operators claimed to have artificially intelligent software that could conduct foreign exchange trading on behalf of customers; the customers needed only to send funds to the RoFx Operators and, in return, the customers were promised passive income. (*Id.* at ¶ 2.) The RoFx Operators perpetrated this years-long fraud (the "RoFx Scheme") using a sophisticated website, an active customer service team, invoices, account statements, foreign exchange activity reported on third-party websites, and promotions via advertisements and sponsored

---

[1] This background is largely taken from Magistrate Judge Goodman's omnibus report and recommendations on the Plaintiffs' motions for default judgment, which the Court adopted in full. (*See* ECF Nos. 233 and 236, respectively.)

articles—and even allowed some customers to withdraw limited funds. (*Id.* at ¶¶ 2, 61-125.)

However, according to the Plaintiffs, the entire RoFx platform was a fabrication. (*Id.* at ¶ 102.) There was no trading algorithm, there was never a registered company, customers' funds were not being invested on their behalf, the online advertising was fictitious, there was never going to be an IPO or a legitimate ICO, and customers were never free to withdraw their funds. (*Id.* at ¶¶ 102-27.) Instead, the Plaintiffs claim, the Defendants engaged in an illegitimate enterprise meant to steal the funds of RoFx customers for their own benefit. RoFx.net was shut down on or about September 17, 2021, and the RoFx Operators stopped responding to customers. (*Id.* at ¶ 127.)

Based on the foregoing, the Plaintiffs' amended complaint brings nine counts against the various Defendants. (*See generally id.*) Twenty-six (26) of the Defendants that were served failed to appear, answer, or otherwise plead to the Amended Complaint, and the Clerk of Court entered defaults against them. The Plaintiffs moved for default judgment as to those Defendants, and on December 6, 2022, Magistrate Judge Goodman issued a report and recommendations on the Plaintiffs' default judgment motions. (*See* R. & R., ECF No. 233.) Judge Goodman recommended that the Plaintiffs' motions be granted only on the issue of liability with respect to fifteen (15) of the Defendants, as follows:

- Count Three for fraud against Defendants Peter Mohylny and The Investing Online;
- Count Three for fraud against Ester Holdings, Inc. but only with respect to Plaintiffs Leonov, Parent, and Zarley;
- Count Nine for unjust enrichment against Wealthy Developments LP, Notus, LLC, Global E-Advantages, LLC, Easy Com, LLC, ShopoStar, LLC, Grovee, LLC, Trans-Konsalt MR Ltd., Art Sea Group Ltd., VDD-Trading, Ltd., Brass Marker s.r.o., Profit Media Group LP, and Auro Advantages, LLC.

(*Id.* at 3–4.) On January 5, 2023, the Court adopted Judge Goodman's report and recommendations in full. (ECF No. 236.)

Now, prior to moving for default judgment as to damages, the Plaintiffs seek certification of the following proposed class of victims of the RoFx Scheme:

> All persons who contributed funds to the RoFx foreign exchange trading scheme. Excluded from the Class are 1) Defendants, any entity or division in which Defendants have a controlling interest, and their legal representatives, officers, directors, agents, assigns, and successors; 2) anyone employed by counsel for Plaintiffs in this action; and 3) the judge to whom this case is assigned and the judge's staff.

(*See* Mot. 2, ECF No. 241.) The Plaintiffs' motion for certification specifies that it is being made pursuant to Fed. R. Civ. Proc. 23(b)(3) and that it is limited to the claims on which the Court granted default judgment for liability, namely fraud (Count Three) and unjust enrichment (Count Nine). (*Id.*) In addition, the Plaintiffs move to be appointed representatives of the class, and for the appointment of Holland & Knight LLP to serve as class counsel pursuant to Fed. R. Civ. P. 23(g). (*Id.*)

### 2. Legal Standard

Federal Rule of Civil Procedure 23 "establishes the legal roadmap courts must follow when determining whether class certification is appropriate." *Valley Drug Co. v. Geneva Pharms., Inc.*, 350 F.3d 1181, 1187 (11th Cir. 2003). In view of the "awesome power of a district court" in controlling the class action mechanism, any decision to certify a class must rest on a "rigorous analysis" of the requirements of Rule 23. *See Sacred Heart Health Sys., Inc. v. Humana Military Healthcare Servs., Inc.*, 601 F.3d 1159, 1169 (11th Cir. 2010) (citation omitted); *see also Gen. Tel. Co. of Southwest v. Falcon*, 457 U.S. 147, 161, 102 S. Ct. 2364, 72 L. Ed. 2d 740 (1982). While the district court's class certification analysis "may entail some overlap with the merits of the plaintiff's underlying claim, Rule 23 grants courts no license to engage in free-ranging merits inquiries at the certification stage." *See Amgen Inc. v. Conn. Ret. Plans & Trust Funds*, 133 S. Ct. 1184, 185 L. Ed. 2d 308, 2013 WL 691001, at *7 (U.S. 2013) (cleaned up). Rather, "[m]erits questions may be considered to the extent - but only to the extent - that they are relevant to determining whether the Rule 23 prerequisites for class certification are satisfied." *See id.* "The burden of proof to establish the propriety of class certification rests with the advocate of the class." *Valley Drug Co.*, 350 F.3d at 1187.

"Under Rule 23, certification is proper where the proposed classes satisfy an implicit ascertainability requirement, the four requirements listed in Rule 23(a), and the requirements listed in any of Rule 23(b)(1), (2), or (3)." *Karhu v. Vital Pharms., Inc.*, 621 F. App'x 945, 946 (11th Cir. 2015). Per "Rule 23(a), every putative class first must satisfy the prerequisites of numerosity, commonality, typicality, and adequacy of representation." *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1265 (11th Cir. 2009) (cleaned up). Thus, Rule 23(a) is satisfied only where:

> (1) the class is so numerous that joinder of all members is impracticable;
> (2) there are questions of law or fact common to the class;
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

> (4) the representative parties will fairly and adequately protect the interests of the class

Fed. R. Civ. P. 23(a). Moreover, where certification is sought under Rule 23(b)(3), as it is here, the plaintiff must show, in addition to the four requirements of Rule 23(a), that "the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." *See* Fed. R. Civ. P. 23(b)(3); *Vega*, 564 F.3d at 1265.

The defaulted status of a defendant will not preclude plaintiffs from receiving class certification so long as the requirements of Rule 23 are satisfied. *See, e.g.*, *Kron v. Grand Bahama Cruise Line, LLC*, 328 F.R.D. 694, 698-703 (S.D. Fla. 2018) (certifying class against a defaulted defendant in a TCPA case) (Martinez, J.); *Leo v. Classmoney.net*, No. 18-CV-80813, 2019 U.S. Dist. LEXIS 230923, 2019 WL 238548, at *2 (S.D. Fla. Jan. 10, 2019) (Matthewman, Mag. J.) (recognizing that the prerequisites for class certification must be satisfied notwithstanding a defendant's failure to appear and defend an action).

### 3. Analysis

Because the Court finds Rule 23(b)(3)'s predominance requirement to be dispositive here, it limits its discussion to that aspect of the certification inquiry. "[P]redominance . . . is perhaps the central and overriding prerequisite for a Rule 23(b)(3) class." *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1278 (11th Cir. 2009). To satisfy the predominance requirement of Rule 23(b)(3), a movant must show that the issues subject to generalized proof, which are applicable to the putative class members generally, predominate over issues requiring individualized evidence. *Jackson v. Motel 6 Multipurpose, Inc.*, 130 F.3d 999, 1005 (11th Cir.1997). "Common issues of fact and law predominate if they 'ha[ve] a *direct impact* on every class member's effort to establish liability' *that is more substantial than the impact of individualized issues* in resolving the claim or claims of each class member." *Sacred Heart Health Sys. v. Humana Military Healthcare Servs.*, 601 F.3d 1159, 1170 (11th Cir. 2010) (quoting *Vega*, 564 F.3d at 1270) (emphasis in original). "The predominance inquiry focuses on 'the legal or factual questions that qualify each class member's case as a genuine controversy,' and is 'far more demanding' than Rule 23(a)'s commonality requirement." *Jackson*, 130 F.3d at 1005 (quoting *Amchem Prods. v. Windsor*, 521 U.S. 591, 624, 117 S. Ct. 2231, 2250 (1997)). Where class certification potentially implicates the law of multiple states, "it falls to the plaintiff to demonstrate the homogeneity of different states' laws, or at least to

show that any variation they contain is manageable." *Sacred Heart Health Sys.*, 601 F.3d at 1180.

The Plaintiffs have specified that their motion for class certification is limited to their claims for common law fraud (Count Three) and unjust enrichment (Count Nine), both causes of action that ordinarily arise under state law. However, the Plaintiffs have made little to no attempt to either identify what laws apply to the potential class members' claims or to address whether and, if so, how variations among those laws can be managed upon certification. Thus, the Court is unable to satisfactorily determine from the Plaintiffs' briefing whether such variations are such that the legal questions governing each class members' claims are predominantly subject to generalized proof.

First, it is unclear from the Plaintiffs' motion how many jurisdictions' laws will be implicated if the Court grants certification. The Plaintiffs define their proposed class as "[a]ll persons who contributed funds to the RoFx foreign exchange trading scheme." (*See* Mot. 2, ECF No. 241.) They also state that, as of February 7, 2023, they have received over 600 submissions from potential class members. (*Id.* at 1.) While the Plaintiffs provide no information as to the identities or locations of the proposed class members, a review of the Plaintiffs' submissions suggests that these might be located all over the world. For one, the amended complaint alleges that Plaintiffs "bring this action on behalf of a *global* class of RoFx customers under Federal Rule of Civil Procedure 23." (Am. Compl. ¶ 5, ECF No. 64 (emphasis added).) In addition, the five named Plaintiffs themselves come from four different states, namely, Florida, Maine, Hawaii, and Arizona. (*Id.* ¶¶ 12–16.) Moreover, per the Plaintiffs' allegations, the RoFx Scheme was conducted entirely online, which would have made it possible for the Defendants to reach customers from all over. (*See id.* ¶¶ 2–3.) Accordingly, it is likely that the potential class members' claims are governed by many different jurisdictions' laws, but the Court is unable to make this determination because the Plaintiffs' briefing ignores all aspects of the relevant inquiry: for example, it does not suggest grouping the potential class members by jurisdiction, address whether the Court would need to conduct a choice of law analysis on what law might apply to the potential claims, or even indicate in what state the majority of claims may originate. *See Simmons v. Ford Motor Co.*, 592 F. Supp. 3d 1262, 1296 (S.D. Fla. 2022) (Ruiz, J.) ("Here, the Court is unable to identify the applicable state law variations and then determine whether such variations can be effectively managed, because the Plaintiffs have failed to even identify what is required to succeed on an unjust enrichment claim in any of the states under the laws of which they bring their claim." (cleaned up)).

Moreover, to the extent the Plaintiffs' motion assumes that any variations among applicable laws are insignificant, it still fails to adequately address whether and, if so how, those variations impact the Court's Rule 23(b)(3) predominance analysis. The Eleventh Circuit has explained that even in cases "where the laws of fewer than all fifty states are at issue, it is clear that more than a perfunctory analysis is required[,]" and "[i]t is 'the court's duty to determine whether the plaintiffs have borne their burden where a class will involve multiple jurisdictions and variations in state law.'" *Sacred Heart Health Sys. v. Humana Military Healthcare Servs.*, 601 F.3d 1159, 1180 (11th Cir. 2010) (quoting *Spence v. Glock, Ges.m.b.H.*, 227 F.3d 308, 313 (5th Cir. 2000)). The Plaintiffs' only efforts to address potential variations in the laws applicable to the claims for common law fraud and unjust enrichment are found in a footnote toward the end of their motion, where they largely rely on case law from outside this Circuit to argue that minor variations in the elements of unjust enrichment among the laws of the various states should not preclude class certification. (Mot. 14 n.4, ECF No. 241.) Those efforts do not come nearly close enough to the "serious analysis" required. *Sacred Heart Health Sys.*, 601 F.3d at 1180. And, contrary to the Plaintiffs' contention, it is not true that courts generally agree that variations in the elements of these claims are immaterial. For example, "courts have observed that '[t]he elements necessary to establish a claim for unjust enrichment . . . vary materially from state to state.'" *Bartholomew v. Lowe's Home Ctrs., LLC*, No. 2:19-cv-695-JLB-MRM, 2021 U.S. Dist. LEXIS 152623, at *14 (M.D. Fla. Aug. 13, 2021) (quoting *Mazza v. Am. Honda Motor Co.*, 666 F.3d 581, 591 (9th Cir. 2012)); *see also Tershakovec v. Ford Motor Co.*, 546 F. Supp. 3d 1348, 1371 (S.D. Fla. 2021) (Moreno, J.) (observing in case involving common law fraud claims that plaintiffs had "structured their class . . . to avoid the choice of law issues concomitant with a proposed nationwide class (an issue that would almost certainly defeat predominance)").

In short, the Court concludes that because the Plaintiffs have failed to meet their burden of showing the common issues of law predominate in this action, their motion for class certification must be denied.

### 4. Conclusion

For the reasons stated above, the Court **denies**, without prejudice, the Plaintiffs' motion for class certification pursuant to Federal Rule of Civil Procedure 23. (**Mot., ECF No. 241**.) Should the Plaintiffs deem that they are able to adequately address the deficiencies identified herein, they may file a renewed motion on or before **May 31, 2023**.

**Done and ordered** in Miami, Florida, on May 11, 2023.

_____
Robert N. Scola, Jr.
United States District Judge