UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:21-cv-23472-RNS

Ryan Birmingham, Roman Leonov, Steven Hansen,
Mitchell Parent, and Jonathan Zarley, individually,

    Plaintiffs,

v.

Alex Doe, *et al.*,

    Defendants.
_____/

## PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT FINAL JUDGMENT SEEKING DAMAGES AGAINST DEFAULTED DEFENDANTS

Plaintiffs Roman Leonov, Steven Hansen, Mitchell Parent, and Jonathan Zarley (collectively, "Plaintiffs")[1], pursuant to FED. R. CIV. P. 55(b)(1)[2] and Local Rule 7.1, respectfully submit this Motion for Entry of Default Final Judgment (hereinafter, the "Motion") requesting final judgments, in the amounts set forth herein, be entered by the Clerk against the Motion Defendants.

## RELEVANT FACTUAL BACKGROUND

Between 2018 and 2021, an informal association of Ukrainians (the "RoFx Operators") operated a phony foreign exchange trading service via RoFx.net—a website hosted in Jacksonville, Florida. Am. Compl. ¶¶ 1, 3–4, 17–18, 121. The RoFx Operators claimed to have artificially intelligent software that could conduct foreign exchange trading on behalf of customers; the customers needed only to send funds to the RoFx Operators and, in return, the customers were promised passive income. *Id.* ¶ 2. The RoFx Operators perpetrated this years-long fraud (the "RoFx Scheme") using a sophisticated website, active customer service team, invoices, account statements, foreign exchange activity reported on third-party websites, and promotions via advertisements and sponsored articles—and even allowed some customers to withdraw limited funds. *Id.* ¶¶ 2, 61–125. As explained in the Amended Complaint, all of this was elaborate stage dressing: the RoFx Operators never conducted foreign exchange trading and, instead, pocketed the

---

[1] Plaintiff Ryan Birmingham is not requesting relief in this Motion, but expressly reserves his rights in this proceeding.
[2] Alternatively, if the Court determines Plaintiffs have not satisfied the requirements of Rule 55(b)(1), the Plaintiffs move under Rule 55(b)(2) for default judgment as to damages.

customers' funds. *Id.* ¶¶ 102–27. By the time the RoFx.net website went dark in September 2021—and the RoFx Operators stopped responding to customers—the RoFx Operators had stolen at least $75 million from customers. *Id.* ¶¶ 126–27.

Such a large amount of stolen money does not disappear without help. The RoFx Operators created an intricate and international network of shell companies and relationships with financial intermediaries to launder the illicit funds (the "Money Laundering Enterprise"). *Id.* ¶¶ 128–29. The Money Laundering Enterprise consists of a set of companies directly receiving customer funds ("Front Companies"); another set of companies with existing cross-border transaction volume that would obfuscate the flow of funds between RoFx customers, Front Companies, and ultimately to the RoFx Operators ("Layering Companies"); and the final level of companies acting as the exit point for the laundered funds ("Cash-Out Companies"). *Id.* To distance themselves from the various sets of companies, the RoFx Operators collaborated with a set of individuals and entities ("Company Organizers") who were tasked with creating, acquiring, and managing Front Companies and transferring funds throughout the Money Laundering Enterprise. *Id.* The Money Laundering Enterprise began operating as early as January 2018 and continues to this day, with Defendants opening and closing entities and shifting transaction volume as needed to evade regulatory scrutiny. *See id.* ¶¶ 128–30, 130–208, 261, 265.

## RELEVANT PROCEDURAL HISTORY

Plaintiffs filed the instant action on September 29, 2021, and, with the Court's leave, amended their complaint on February 14, 2022. The Amended Complaint brings nine counts against numerous Defendants—including, *inter alia*, unjust enrichment (Count IX). After being served with process, 27 Defendants failed to appear, answer, or otherwise plead to the Amended Complaint. The Clerk entered defaults against them; subsequently, on June 27, 2022 and July 15, 2022, Plaintiffs moved for default judgment [ECF Nos. 180 and 189] (collectively, the "Default Judgment Motions") as to liability against the defaulted Defendants. On December 6, 2022, Magistrate Judge Goodman issued a Report and Recommendation [ECF No. 233] regarding the Default Judgment Motions, recommending that they be granted with respect to the following 15 Defendants (hereinafter "Defaulted Defendants") on the issue of liability only:

- Count III for fraud against Defendants Mohylny and The Investing Online;
- Count III for fraud against Ester Holdings, but only with respect to Plaintiffs Leonov, Parent, and Zarley;

- Count IX for unjust enrichment against Wealthy Developments, Notus, Global E-Advantages, Easy Com, ShopoStar, Grovee, Trans-Konsalt, Art Sea Group, VDD, Brass Marker, Profit Media Group, and Auro Advantages.

On January 5, 2023, the Court adopted Judge Goodman's Report and Recommendation in full [ECF No. 236]. Plaintiffs now request that the Clerk enter a default final judgment for their damages against the "Motion Defendants"[3] on <u>only</u> the unjust enrichment claim, Count IX. Because unjust enrichment liability has already been adjudicated by the Court, this Motion focuses on the damages attributable to each Motion Defendant.

## I.     **Legal Standard**

Federal Rule of Civil Procedure 55(b)(1) requires the Clerk to enter judgment against a defendant who fails to plead or otherwise defend—if the "plaintiff's claim is for a sum certain or a sum can be made certain by computation" and the plaintiff shows by affidavit the amount due. FED. R. CIV. P. 55(b)(1); *see, e.g.*, *Infinity Lending Servs., Inc. v. Glob. Hum. Benefit Holding, Ltd.*, No. 19-22806-CIV, 2020 WL 13566403, at *1 (S.D. Fla. June 30, 2020) (granting motion for default judgment under Rule 55(b)(1) for a sum certain, supported by the plaintiff's affidavit, for breach of contract and unjust enrichment).

"A claim for unjust enrichment has three elements: (1) the plaintiff has conferred a benefit on the defendant; (2) the defendant voluntarily accepted and retained that benefit; and (3) the circumstances are such that it would be inequitable for the defendant[ ] to retain it without paying the value thereof." *Virgilio v. Ryland Grp., Inc.*, 680 F.3d 1329, 1337 (11th Cir. 2012); *see also Fla. Power Corp. v. City of Winter Park*, 887 So.2d 1237, 1241 n.4 (Fla. 2004). "The measure of damages for unjust enrichment is the **amount of unfair gain received by those unjustly enriched**." *Exum v. Nat'l Tire & Battery*, 437 F. Supp. 3d 1141, 1157 (S.D. Fla. 2020) (quoting *In re Horizon Organic Milk Plus DHA Omega-3 Mktg. and Sales Practice Litig.*, 955 F. Supp. 2d 1311, 1336 (S.D. Fla. 2013); *see F.H. Paschen, S.N. Nielsen & Assocs. LLC v. B&B Site Dev., Inc.,* 311 So. 3d 39, 50 (Fla. Dist. Ct. App. 2021) (explaining that "[t]he measure of damages for unjust enrichment is the <u>value of the benefit conferred</u>, not the amount the plaintiff hoped to receive or the cost to the plaintiff") (internal citations omitted).

---

[3] The "Motion Defendants" are (1) Notus, LLC ("Notus"), (2) Global E-Advantages, LLC ("Global E"), (3) Easy Com, LLC ("Easy Com"), (4) Shopostar, LLC ("Shopostar"), and (5) Grovee, LLC ("Grovee").

Plaintiffs now show the value of the benefits conferred upon the Motion Defendants—supported by affidavits and evidence—and, by so doing, establish the sum certain owed to Plaintiffs.

## II. Plaintiffs' Damages

Plaintiffs respectfully request that the Clerk enter judgment against the Motion Defendants for the sums certain as set forth below and supported by each Plaintiff's Declaration. *See* Declaration of Dennis A. González ¶¶ 6–9 (hereinafter "González Decl."). The amounts include each Plaintiff's total benefits conferred upon each Motion Defendant in order to fund each Plaintiff's RoFx.net account. The Motion Defendants have wrongfully retained Plaintiffs' contributions in full. Each Plaintiff's total loss is summarized by the table below:

| Summary of Plaintiffs' Losses[4] | | | | | |
|---|---|---|---|---|---|
| | Roman Leonov | Mitchell Parent | Jonathan Zarley | Steven Hansen | **Total** |
| Shopostar | $59,000 | $300,000 | $557,000 | $500,000 | **$1,416,000** |
| Notus | - | $186,000 | $1,165,000 | $450,000 | **$1,801,000** |
| Global E | $33,100 | - | $335,000 | - | **$368,100** |
| Easy Com | $93,500 | $5,000 | - | - | **$98,500** |
| Grovee | $16,500 | - | - | - | **$16,500** |
| **Total** | **$202,100** | **$491,000** | **$2,057,000** | **$950,000** | **$3,700,100** |

A. <u>Plaintiff Roman Leonov's Total Loss: $202,100</u>

In funding his RoFx.net account, Plaintiff Leonov was directed by the RoFx operators to transfer money to four Motion Defendants, and ultimately contributed the following amounts [Leonov Decl. ¶ 8]:

- Shopostar:   $59,000

---

[4] Each of the Plaintiffs list the amount of United States dollars that they transferred to each of the Motion Defendants in furtherance of funding their RoFx.net accounts—supporting their sworn Declarations with wire transaction receipts. *See generally* Ex. A, Declaration of Roman Leonov (hereinafter "Leonov Decl."); Ex. B, Declaration of Mitchell Parent (hereinafter "Parent Decl."); Ex. C, Declaration of Jonathan Zarley (hereinafter "Zarley Decl."); Ex. E, Declaration of Steven Hansen (hereinafter "Hansen Decl." and collectively with the other Declarations, "Plaintiffs' Decls."). The omission of Exhibit D is intentional.

- Global E:      $33,100
- Easy Com:   $93,500
- Grovee:       $16,500

The Motion Defendant recipients retained these benefits in full [Leonov Decl. ¶ 10]; therefore, the sum certain of Plaintiff Leonov's damages is $202,100.

  B. <u>Plaintiff Mitchell Parent's Total Loss: $491,000</u>

In funding his RoFx.net account, Plaintiff Parent was directed by the RoFx operators to transfer money to three Motion Defendants, and ultimately contributed the following amounts [Parent Decl. ¶ 7]:

- Shopostar:   $300,000
- Notus:         $186,000
- Easy Com:   $5,000

The Motion Defendant recipients retained these benefits in full [Parent Decl. ¶ 9]; therefore, the sum certain of Plaintiff Parent's damages is $491,000.

  C. <u>Plaintiff Jonathan Zarley's Total Loss: $2,057,000</u>

In funding his RoFx.net account, Plaintiff Zarley was directed by the RoFx operators to transfer money to three Motion Defendants, and ultimately contributed the following amounts [Zarley Decl. ¶ 6]:

- Notus:         $1,165,000
- Global E:      $335,000
- Shopostar:   $557,000

The Motion Defendant recipients retained these benefits in full [Zarley Decl. ¶ 8]; therefore, the sum certain of Plaintiff Zarley's damages is $2,057,000.

  D. <u>Plaintiff Steven Hansen's Total Loss: $950,000</u>

In funding his RoFx.net account, Plaintiff Hansen was directed by the RoFx operators to transfer money to two of the Motion Defendants, and ultimately contributed the following amounts [Hansen Decl. ¶ 5]:

- Notus:         $450,000
- Shopostar:   $500,000

The Motion Defendant recipients retained these benefits in full [Hansen Decl. ¶ 7]; therefore, the sum certain of Plaintiff Hansen's damages is $950,000.

## **CONCLUSION**

Plaintiffs' sworn Declarations and evidence showing the sums certain support the Clerk's entry of the judgments requested herein. Accordingly, Plaintiffs respectfully request that the Court enter the proposed Order in form substantially similar to the attached hereto as **Exhibit F** to authorize the Clerk to enter Default Final Judgments against the Motion Defendants.

Dated: June 9, 2023.                                          Respectfully submitted,

/s/    *Dennis A. González*

**Dennis A. González** (Fla. Bar No. 1032050)
Dennis.Gonzalez@hklaw.com
Jose A. Casal (Fla. Bar No. 767522)
Jose.Casal@hklaw.com
Andrew W. Balthazor (Fla. Bar No. 1019544)
Andrew.Balthazor@hklaw.com
Holland & Knight LLP
701 Brickell Avenue, Suite 3300
Miami, Florida 33131
Telephone: 305-374-8500

Warren E. Gluck (N.Y. Bar No. 4701421)
*Pro hac vice*
Warren.Gluck@hklaw.com
Holland & Knight LLP
31 West 52nd Street
New York, New York 10019

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on or about June 9, 2023, a true and accurate copy of Plaintiffs' Motion for Default Judgment Seeking Damages Against Defaulted Defendants, including all corresponding Exhibits, was served on counsel of record via the CM/ECF system. The undersigned further certifies that a copy of the foregoing documents were served upon Defendants at the addresses listed below via mail or as otherwise indicated:

| | |
|---|---|
| **Art Sea Group Ltd.**<br>Via publication on Plaintiffs' website | **Auro Advantages, LLC**<br>Via publication on Plaintiffs' website |
| **Easy Com, LLC**<br>c/o Registered Agent<br>159 Main Street, Unit 100,<br>Nashua, NH 03060 | **Marina Garda**<br>Via publication on Plaintiffs' website |
| **Global E-Advantages LLC**<br>c/o Registered Agent<br>North West Registered Agent LLC<br>8 The Green, Suite B,<br>Dover, DE 19901 | **Grovee, LLC**<br>c/o Registered Agent<br>Delaware Business Incorporators<br>3422 Old Capitol Trail, Suite 700<br>Wilmington, DE 19808 |
| **Ivan Hrechaniuk**<br>Via publication on Plaintiffs' website | **Borys Konovalenko**<br>Via email to<br>borys.konovalenko@gmail.com |
| **Mayon Solutions Ltd**<br>Via email to info@mayon.solutions and sales@mayon.solutions | **Mayon Solutions, LLC**<br>(1) c/o Registered Agents, Inc.<br>159 Main Street, Unit 100, Nashua, NH 03060; and<br><br>(2) Via courtesy email to Mayon.llc@gmail.com |
| **Notus, LLC**<br>c/o Registered Agent<br>Colorado Registered Agent LLC<br>1942 Broadway Street, Suite 314C,<br>Boulder, CO 80302 | **Profit Media Group LP**<br>4 Queen Street, Suite 1,<br>Edinburgh, GB, EH21JE |
| **Shopostar, LLC**<br>c/o Registered Agent<br>Colorado Registered Agent LLC<br>1942 Broadway Street, Suite 314C,<br>Boulder, CO 80302 | **Olga Tielly**<br>3rd Floor 207 Regent Street,<br>London, United Kingdom W1B3HH |
| **Trans-Konsalt MR Ltd.**<br>Via publication on Plaintiffs' website | |

Respectfully submitted,

/s/ *Dennis A. González*
**Dennis A. González**
Florida Bar No. 1032050
Dennis.gonzalez@hklaw.com
Holland & Knight LLP
701 Brickell Avenue, Suite 3300
Miami, Florida 33131
Telephone: 305-374-8500
*Attorney for Plaintiffs*