# Exhibit F_[Proposed] Order

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF
FLORIDA

| | |
|---|---|
| RYAN BIRMINGHAM, ROMAN LEONOV, STEVEN HANSEN, MITCHELL PARENT, and JONATHAN ZARLEY, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ALEX DOE, *et al.*,<br><br>Defendants. | Case No. 1:21-cv-23472-RNS |

**[PROPOSED] ORDER GRANTING PLAINTIFFS'**
**MOTION FOR ENTRY OF DEFAULT FINAL JUDGMENT SEEKING DAMAGES**
**AGAINST DEFAULTED DEFENDANTS**

Consistent with Federal Rule of Civil Procedure 55(b)(1)[1], this Cause came before the Court upon Plaintiffs'—Roman Leonov, Steven Hansen, Mitchell Parent, and Jonathan Zarley (collectively "Plaintiffs")—Motion for Entry of Default Final Judgment Seeking Damages Against Defaulted Defendants [ECF No. __, and hereinafter the "Motion"].

I.      **Procedural Background**

Plaintiffs filed the instant action on September 29, 2021, and, with the Court's leave, amended their complaint on February 14, 2022. The Amended Complaint brings nine counts against numerous Defendants—including, *inter alia*, unjust enrichment (Count IX). After being served with process, 27 Defendants failed to appear, answer, or otherwise plead to the Amended Complaint. The Clerk entered defaults against them; subsequently, on June 27, 2022 and July 15, 2022, Plaintiffs moved for default judgment [ECF Nos. 180 and 189] (collectively, the "Default

---

[1] *Alternatively*, Plaintiffs move under Rule 55(b)(2) for default judgment as to damages, and contend that its elements are also satisfied.

Judgment Motions") as to liability against the defaulted Defendants. On December 6, 2022, Magistrate Judge Goodman issued a Report and Recommendation [ECF No. 233] regarding the Default Judgment Motions, recommending that they be granted with respect to the following 15 Defendants (hereinafter "Defaulted Defendants") on the issue of *liability only*:

- Count III for fraud against Defendants Mohylny and The Investing Online;

- Count III for fraud against Ester Holdings, but only with respect to Plaintiffs Leonov, Parent, and Zarley;

- Count IX for unjust enrichment against Wealthy Developments, Notus, Global E-Advantages, Easy Com, ShopoStar, Grovee, Trans-Konsalt, Art Sea Group, VDD, Brass Marker, Profit Media Group, and Auro Advantages.

On January 5, 2023, the Court adopted Judge Goodman's Report and Recommendation in full [ECF No. 236]. Plaintiffs now request that the Clerk enter a default final judgment for their damages against "Motion Defendants"[2] on only the claim of unjust enrichment, Count IX. Because unjust enrichment liability has already been adjudicated by the Court, Plaintiffs' Motion focuses on the damages attributable to each Motion Defendant.

## II.   Legal Standard

Federal Rule of Civil Procedure 55(b)(1) requires the Clerk to enter judgment against a defendant who fails to plead or otherwise defend if the "plaintiff's claim is for a sum certain or a sum can be made certain by computation" and the plaintiff shows by affidavit the amount due. FED. R. CIV. P. 55(b)(1); *see, e.g., Infinity Lending Servs., Inc. v. Glob. Hum. Benefit Holding, Ltd.*, No. 19-22806-CIV, 2020 WL 13566403, at *1 (S.D. Fla. June 30, 2020) (granting motion for default judgment under Rule 55(b)(1) for a sum certain, supported by the plaintiff's affidavit, for breach of contract and unjust enrichment).

## III.   Analysis

### A. Unjust Enrichment

In Count IX of their Amended Complaint, Plaintiffs brought a claim for unjust enrichment against Motion Defendants. "A claim for unjust enrichment has three elements: (1) the plaintiff

---

[2] The "Motion Defendants" are (1) Notus, LLC ("Notus"), (2) Global E-Advantages, LLC ("Global E"), (3) Easy Com, LLC ("Easy Com"), (4) Shopostar, LLC ("Shopostar"), and (5) Grovee, LLC ("Grovee").

has conferred a benefit on the defendant; (2) the defendant voluntarily accepted and retained that benefit; and (3) the circumstances are such that it would be inequitable for the defendant[ ] to retain it without paying the value thereof." *Virgilio v. Ryland Grp., Inc.*, 680 F.3d 1329, 1337 (11th Cir. 2012); *see also Fla. Power Corp. v. City of Winter Park*, 887 So.2d 1237, 1241 n.4 (Fla. 2004).

"The measure of damages for unjust enrichment is the **amount of unfair gain received by those unjustly enriched**." *Exum v. Nat'l Tire & Battery*, 437 F. Supp. 3d 1141, 1157 (S.D. Fla. 2020) (quoting *In re Horizon Organic Milk Plus DHA Omega-3 Mktg. and Sales Practice Litig.*, 955 F. Supp. 2d 1311, 1336 (S.D. Fla. 2013); *see F.H. Paschen, S.N. Nielsen & Assocs. LLC v. B&B Site Dev., Inc.,* 311 So. 3d 39, 50 (Fla. Dist. Ct. App. 2021) (explaining that "[t]he measure of damages for unjust enrichment is the value of the benefit conferred, not the amount the plaintiff hoped to receive or the cost to the plaintiff") (internal citations omitted).

B. <u>Damages</u>

As demonstrated by the Motion, supported by affidavits and evidence, each Plaintiff directly conferred some benefit to at least two of the Motion Defendants. By doing so, Plaintiffs have established the sum certain owed by each Motion Defendant. The amounts include each Plaintiff's total benefits conferred upon each Motion Defendant in order to fund each Plaintiff's RoFx.net account. The Motion Defendants have wrongfully retained Plaintiffs' contributions in full, and each Plaintiff's damages are summarized below:

1. <u>Plaintiff Roman Leonov's Total Loss: $202,100</u>

In funding his RoFx.net account, Plaintiff Leonov was directed by the RoFx Operators to transfer money to four Motion Defendants, and ultimately contributed the following amounts [Leonov Decl. ¶ 8]:

- Shopostar:     $59,000
- Global E:      $33,100
- Easy Com:      $93,500
- Grovee:        $16,500

The Motion Defendant recipients retained these benefits in full [Leonov Decl. ¶ 10]; therefore, the sum certain of Plaintiff Leonov's damages is $202,100.

2. Plaintiff Mitchell Parent's Total Loss: $491,000

In funding his RoFx.net account, Plaintiff Leonov was directed by the RoFx Operators to transfer money to four Motion Defendants, and ultimately contributed the following amounts [Parent Decl. ¶ 7]:

- Shopostar:     $300,000
- Notus:         $186,000
- Easy Com:      $5,000

The Motion Defendant recipients retained these benefits in full [Parent Decl. ¶ 9]; therefore, the sum certain of Plaintiff Parent's damages is $491,000.

3. Plaintiff Jonathan Zarley's Total Loss: $2,057,000

In funding his RoFx.net account, Plaintiff Leonov was directed by the RoFx Operators to transfer money to four Motion Defendants, and ultimately contributed the following amounts [Zarley Decl. ¶ 6]:

- Notus:         $1,165,000
- Global E:      $335,000
- Shopostar:     $557,000

The Motion Defendant recipients retained these benefits in full [Zarley Decl. ¶ 8]; therefore, the sum certain of Plaintiff Zarley's damages is $2,057,000.

4. Plaintiff Steven Hansen's Total Loss: $950,000

In funding his RoFx.net account, Plaintiff Leonov was directed by the RoFx Operators to transfer money to four Motion Defendants, and ultimately contributed the following amounts [Hansen Decl. ¶ 5]:

- Notus:         $450,000
- Shopostar:     $500,000

The Motion Defendant recipients retained these benefits in full [Hansen Decl. ¶ 7]; therefore, the sum certain of Plaintiff Hansen's damages is $950,000.

IV.   **Conclusion**

Based on the forgoing, the Court **GRANTS** the Plaintiffs' Motion [ECF No. __] and directs the Clerk to enter the following Default Final Judgments against the Motion Defendants:

i. Judgment is hereby entered in favor of **Plaintiff Roman Leonov** against the following Motion Defendants and for the following amounts:

   a. Shopostar for: $59,000
   b. Global E for:  $33,100
   c. Easy Com for: $93,500
   d. Grovee for:   $16,500

ii. Judgment is hereby entered in favor of **Plaintiff Mitchell Parent** against the following Motion Defendants and for the following amounts:
   a. Shopostar for: $300,000
   b. Notus for:    $186,000
   c. Easy Com for: $5,000

iii. Judgment is hereby entered in favor of **Plaintiff Jonathan Zarley** against the following Motion Defendants and for the following amounts:
   a. Notus for:    $1,165,000
   b. Global E for: $335,000
   c. Shopostar for: $557,000

iv. Judgment is hereby entered in favor of **Plaintiff Steven Hansen** against the following Motion Defendants and for the following amounts:
   a. Notus for:    $450,000
   b. Shopostar for: $500,000

**DONE AND ORDERED** in Chambers at Miami, Miami-Dade County, Florida this _____ day of June, 2023.

_____
Hon. Robert N. Scola, Jr.
United States District Court Judge