UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No: 21-CV-23472-SCOLA/GOODMAN

RYAN BIRMINGHAM, et al.,

    Plaintiffs,

v.

ALEX DOE; JOHN DOES 1–3;
OLGA ABRYKOSOVA, et al.,

    Defendants.

_____/

REPORT AND RECOMMENDATIONS ON
PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT

In this nine-count, civil Racketeer Influenced and Corrupt Organizations Act ("RICO") case, Plaintiffs raise a bevy of claims against 42 Defendants arising from the creation and operation of RoFx, an allegedly fraudulent investment service. [ECF No. 64]. According to a Court-Ordered administrative status report, 26 Defendants have had a Clerk's default entered against them, seven Defendants had not yet been served, three Defendants are in settlement discussions with Plaintiffs, and six Defendants have been dismissed. [ECF No. 221]. Since that administrative status report was filed, the Court dismissed without prejudice six additional Defendants and Plaintiffs filed a notice of voluntary dismissal against three additional Defendants. [ECF Nos. 222; 224–25].

Plaintiffs filed motions for Default Judgment as to liability for the defaulted

Defendants. [ECF Nos. 180; 189]. The Court granted Plaintiffs' motions against: Defendants Ester Holdings, Inc., Peter Mohylny and The Investing Online as to Count III (Common Law Fraud) of the Amended Complaint [ECF No. 64]; and Defendants Wealthy Developments LP, **Notus, LLC, Global E-Advantages, LLC, Easy Com, LLC, ShopoStar, LLC, Grovee, LLC,** Trans-Konsalt MR Ltd., Art Sea Group Ltd., VDD-Trading, Ltd., Brass Marker s.r.o., Profit Media Group LP, and Auro Advantages, LLC as to Count IX (Unjust Enrichment) of the Amended Complaint [ECF No. 64]. [ECF No. 236 (emphasis added)].

Plaintiffs current Motion for Default Judgment ("Motion") requests that the Court enter a final default judgment pursuant to Fed. R. Civ. P. 55(b)(1)[1] against the following five Defendants: Notus, LLC ("Notus"); Global E-Advantages, LLC ("Global E-Advantages"); Easy Com, LLC ("Easy Com"); ShopoStar, LLC ("ShopoStar"); Grovee, LLC ("Grovee" and collectively "Motion Defendants"). Plaintiffs' request is concerns only Count IX (Unjust Enrichment). [ECF No. 244, p. 3].

However, due to the Court's rulings [ECF Nos. 236; 242] and Plaintiffs' Notice [ECF No. 243] regarding their Motion to Certify Class, the Undersigned was unsure about

---

[1] Plaintiffs argue that "if the Court determines Plaintiffs have not satisfied the requirements of Rule 55(b)(1), the[n] Plaintiffs move under Rule 55(b)(2) for default judgment as to damages." [ECF No. 244, p. 1]. The Undersigned will not consider that argument because "addressing legal arguments in footnotes is an incorrect method to present substantive arguments on the merits or otherwise request relief from the Court." *Med-X Glob., LLC v. SunMed Int l, LLC*, No. 19-20722-CIV, 2022 WL 17486303, at *2 (S.D. Fla. Dec. 7, 2022) (citing *Sony Music Ent. v. Vital Pharms., Inc.*, No. 21-22825-CIV, 2022 WL 4771858, at *13 (S.D. Fla. Sept. 14, 2022)). Additionally, Plaintiffs make no mention of Rule 55(b)(2) outside of that single footnote.

whether the Court had any subject-matter jurisdiction to oversee this case. Therefore, the Undersigned authorized Plaintiffs to provide supplemental briefing to clarify the issue, and Plaintiffs pursued the opportunity. [ECF Nos. 246; 247].

Senior United States District Court Judge Robert N. Scola, Jr. referred this Motion to the Undersigned for a Report and Recommendations. [ECF No. 245]. For the reasons set forth below, the Undersigned **respectfully recommends** that the District Court **GRANT in part** and **DENY in part** Plaintiffs' Motion.

I. **LEGAL STANDARD**

"Obtaining a default judgment is a two-step process: first, the plaintiff must seek an entry of default from the clerk of court; and second, after entry of a clerk's default, the plaintiff can seek a default judgment." *St. Michael Press Publ g Co. v. One Unknown Wreck Believed to be the Archangel Michael*, No. 12-80596-Civ-Brannon, 2013 WL 12171816, at *1 (S.D. Fla. Feb. 12, 2013).

Federal Rule of Civil Procedure 12(a)(1)(A)(i) states that a defendant has 21 days from the date of service to respond to a complaint. "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party s default." Fed. R. Civ. P. 55(a). A party may then apply to the district court for a default final judgment. Fed. R. Civ. P. 55(b)(2); *Alfa Corp. v. Alfa Mortg. Inc.*, 560 F. Supp. 2d 1166, 1173 (M.D. Ala. 2008).

A court may not enter a final default judgment based solely on the existence of a

clerk's default. *Id.* at 1174. Instead, a court is required to examine the allegations to see if they are well-pleaded and present a sufficient basis to support a default judgment on the causes of action. *Id.* (citing *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). Only those factual allegations that are well-pleaded are admitted in a default judgment. *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987).

The decision whether to enter a default judgment "is committed to the discretion of the district court." *Hamm v. DeKalb Cty.*, 774 F.2d 1567, 1576 (11th Cir. 1985). Default judgments are "generally disfavored" because this Circuit has a "strong policy of determining cases on their merits." *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1244–45 (11th Cir. 2015). In addition to assessing whether the complaint adequately sets forth facts to support the plaintiff's claims, a court considering the entry of a valid default judgment **must "have subject-matter jurisdiction over the claims** and have personal jurisdiction over the defendant." *Osborn v. Whites & Assocs. Inc.*, No. 1:20-cv-02528, 2021 WL 3493164, at *2 (N.D. Ga. May 20, 2021) (citing *Oldfield v. Pueblo De Bahia Lora, S.A.*, 558 F.3d 1210, 1215 & n.13 (11th Cir. 2009) (emphasis added)).

**II.     ANALYSIS**

To succeed on a claim for unjust enrichment, a plaintiff must show:

> (1) the plaintiff has conferred a benefit on the defendant, who has knowledge thereof; (2) the defendant has voluntarily accepted and retained the benefit conferred; and (3) the circumstances are such that it would be inequitable for the defendant to retain the benefit without paying the value thereof to the plaintiff.

*Tooltrend, Inc. v. CMT Utensili, SRL*, 198 F.3d 802, 805 (11th Cir. 1999) (quoting *Greenfield v. Manor Care, Inc.*, 705 So. 2d 926, 930–31 (Fla. 4th DCA 1997)). Plaintiffs' previous motions for default judgment against the Motion Defendants sought a ruling *only* as to liability. [ECF Nos. 180; 189]. The Court agreed with Plaintiffs' motions as to their unjust enrichment count with regards to the Motion Defendants. [ECF Nos. 233; 236]. Plaintiffs now seek a final judgment for *damages* as a result of the Court's ruling.

"[B]efore entering a default judgment, the Court must ensure that it has jurisdiction over the claims and there must be a sufficient basis in the pleadings for the judgment entered." *Tissone v. Osco Food Servs., LLC*, No. 19-CV-61358, 2021 WL 1529915, at *2 (S.D. Fla. Feb. 10, 2021), *report and recommendation adopted*, No. 19-61358-CIV, 2021 WL 870526 (S.D. Fla. Mar. 9, 2021) (*citing Nishimatsu*, 515 F.2d at 1206).

The Complaint alleges nine counts. The count at issue here is Count IX, Unjust Enrichment. The Complaint alleges that the Court has jurisdiction under 28 U.S.C. § 1331 "because the action arises under the laws of the United States -- specifically the RICO Act, 18 U.S.C. §§ 1962 and 1964[;]" and the Class Action Fairness Act ("CAFA") 28 U.S.C. § 1332(d)(2) because it is a civil class action with the amount in controversy exceeding $5,000,000 "exclusive of interest and costs; and minimal diversity exists. Specifically, at least one Plaintiff is a citizen of a State and numerous defendants are citizens of foreign states." [ECF No. 64, ¶6].

The Undersigned agrees that there is subject-matter jurisdiction under CAFA because the only count at issue is Count IX, Unjust Enrichment, and that count was brought under the class action allegations which were sufficiently pled in Plaintiffs' Amended Complaint.[2] Therefore, the Undersigned turns to Plaintiffs' request for damages on their unjust enrichment claim.

"The measure of damages for unjust enrichment is the amount of unfair gain received by those unjustly enriched." *Exum v. Nat l Tire & Battery*, 437 F. Supp. 3d 1141, 1157 (S.D. Fla. 2020) (quoting *In re Horizon Organic Milk Plus DHA Omega-3 Mktg. and Sales Practice Litig.*, 955 F. Supp. 2d 1311, 1336 (S.D. Fla. 2013)).

"Although a defaulted defendant admits well-pleaded allegations of liability, allegations relating to the amount of damages are not admitted by virtue of default. Rather, the Court determines the amount and character of damages to be awarded." *Wareka v. Faces*

---

[2] The Undersigned already determined, in the initial Report and Recommendations [ECF No. 233], that the RICO counts (both substantive and for conspiracy) did not state a claim. In addition, after Judge Scola adopted [ECF No. 236] the recommendation, he later denied [ECF No. 242], albeit without prejudice, Plaintiffs Motion for Class Certification [ECF No. 242]. In that May 11, 2023 Order, Judge Scola gave Plaintiffs until May 31, 2023 to file a renewed motion for class certification if they "deem that they are able to adequately address the deficiencies identified" in the Order. In response, Plaintiffs filed a Notice [ECF No. 243], announcing that they have elected not to pursue a renewed motion for class certification. Instead, their Notice advised, they intend to file a motion for default judgment, which they did [ECF No. 244], and which is the Motion at issue here.

As discussed in both the Undersigned's Order Authorizing Supplemental Briefing [ECF No. 246] and Plaintiffs' Supplemental Brief [ECF No. 247], Judge Scola's denial of their request for class certification did not eliminate the subject-matter jurisdiction established under CAFA because Plaintiffs sufficiently pled the necessary CAFA requirements in their Amended Complaint. *See Wright Transp. Inc. v. Pilot Corp.*, 841 F.3d 1266, 1271 (11th Cir. 2016).

by Francesca, LLC, No. 20-CV-62466, 2021 WL 6101375, at *2 (S.D. Fla. Oct. 19, 2021), *report and recommendation adopted*, No. 20-62466-CIV, 2021 WL 6072810 (S.D. Fla. Dec. 23, 2021) (quoting *Montgomery v. Fla. First Fin. Grp., Inc.*, No. 06-CV-1639-OrL-31KRS, 2008 WL 3540374, at *4 (M.D. Fla. Aug. 12, 2008)). Declarations may be used to support the relief sought. *Id.*; *Chanel, Inc. v. Sea Hero*, 234 F. Supp. 3d 1255, 1263 (S.D. Fla. 2016); *see also Morsillo v. Progressive Fin. Servs., Inc.*, No. 18-CV-60658, 2018 WL 2304747, at *1 (S.D. Fla. May 21, 2018) ("In issuing a default judgment, a court may award damages without a hearing [if the] amount claimed is a liquidated sum or one capable of mathematical calculation, as long as all essential evidence is already of record." (citing *S.E.C. v. Smyth*, 420 F.3d 1225, 1231 n.13 (11th Cir. 2005))).

Plaintiffs' Motion is accompanied by four declarations: Roman Leonov, Michell Parent, Jonathan Zarley, and Steven Hansen.[3] Upon a review of the Motion and accompanying declarations, the Undersigned finds most of them to be adequate and will individually discuss their sufficiency below. The Motion Defendants failed to file any response or objections to Plaintiffs' Motion and the time to do so has now expired.[4]

A. Plaintiff Roman Leonov [ECF No. 244-2].

Mr. Leonov states that he invested a total of $202,100.00 to Defendants Global E-Advantages (specifically $33,100.00), Easy Com (specifically $93,500.00), ShopoStar

---

[3] Plaintiff Ryan Birmingham "is not requesting relief in this Motion but expressly reserves his rights in this proceeding." [ECF No. 244, p. 1 n.1].

[4] Plaintiffs properly served the Motion Defendants. [ECF No. 102].

(specifically $59,000.00), and Grovee (specifically $16,500.00). *Id*. at ¶ 8. Attached to his declaration is an exhibit featuring his wire transfer receipts. In reviewing those receipts, there is a transaction from March 16, 2021 where Mr. Leonov wired $18,000.00. *Id*. at p. 12. Presumably, based on the numbers Mr. Leonov calculated in his declaration, that $18,000.00 was wired to Easy Com. However, there is no mention of Easy Com on that receipt, nor is there any indication that it was *indeed* Easy Com. Mr. Leonov's declaration failed to sufficiently explain or provide support for that specific transaction.

Therefore, the Undersigned recommends that Plaintiffs Motion as to Mr. Leonov be **granted in part** and **denied in part**. Defendant Global E-Advantages should be ordered to pay Mr. Leonov $33,100.00; Easy Com should be ordered to pay Mr. Leonov $75,500.00; ShopoStar should be ordered to pay Mr. Leonov $59,000.00; and Grovee should be ordered to pay Mr. Leonov $16,500.00. Easy Com should not be required to pay Mr. Leonov the $18,000.00 because of his failure to provide sufficient support for his request in his declaration.

B. Plaintiff Michell Parent [ECF No. 244-3].

Mr. Parent states that he invested a total of $491,000.00 to Defendants Notus (specifically $186,000.00); Easy Com (specifically $5,000.00); and ShopoStar (specifically $300,000.00). Unlike Mr. Leonov, Mr. Parent attached what appears to be a typed-out consolidated list of the wire transfers he made. The list includes: the beneficiary account name; beneficiary account address; account number; ABA routing number; beneficiary bank; beneficiary bank address; amount; and payment reference information. Nowhere

does he include screenshots of the receipts or anything the Court can refer to in verifying his information.

The fact that his exhibit is a self-made, typed-out consolidated list of his purported payments leaves his declaration insufficient because there is no corroborating evidence. "Plaintiffs cannot 'create' their own damages." *Nat. Answers, Inc. v. SmithKline Beecham Corp.*, No. 04-22646 CIV, 2005 WL 8166087, at *4 (S.D. Fla. Feb. 22, 2005), *report and recommendation adopted*, No. 04-22646-CIV, 2005 WL 8166085 (S.D. Fla. Apr. 15, 2005) (internal citation omitted). Therefore, the Undersigned **respectfully recommends** that Plaintiffs' Motion as to Mr. Parent be **denied without prejudice** in its entirety.

C. Plaintiff Jonathan Zarley [ECF No. 244-4].

Mr. Zarley states that he invested a total of $2,057,000.00 to Defendants Notus (specifically $1,165,000.00); Global E-Advantages (specifically $335,000.00); and ShopoStar (specifically $557,000.00). Attached to his declaration is an exhibit featuring his wire transfer receipts. The Undersigned finds Mr. Zarley's declaration to be adequate and supported by sufficient evidence. Therefore, the Undersigned **respectfully recommends** that Plaintiffs' Motion as to Mr. Zarley be **granted** in its entirety.

D. Plaintiff Steven Hansen [ECF No. 244-5].[5]

Mr. Hansen states that he invested a total of $950,000.00 to Defendants Notus (specifically $450,000.00) and ShopoStar (specifically $500,000.00). Like most of the other plaintiffs, he attached screenshots of his receipts to his declaration. The Undersigned finds Mr. Hansen's declaration to be adequate and supported by sufficient evidence. Therefore, the Undersigned **respectfully recommends** that Plaintiffs' Motion as to Mr. Hansen be **granted** in its entirety.

### III. CONCLUSION

For the reasons stated above, the Undersigned **respectfully recommends** that the Court **GRANT in part** and **DENY in part** Plaintiffs' Motion. The Court should order the following Motion Defendants to pay the sums listed: (1) ShopoStar: $500,000.00 to Mr. Hansen, $557,000.00 to Mr. Zarley, and $59,000.00 to Mr. Leonov; (2) Notus: $450,000.00 to Mr. Hansen and $1,165,000.00 to Mr. Zarley; (3) Grovee: $16,500.00 to Mr. Leonov; (4) Easy Com: $75,500.00 to Mr. Leonov; and (5) Global E-Advantages: $335,000.00 to Mr. Zarley and $33,100.00 to Mr. Leonov.

### IV. OBJECTIONS

The parties will have 14 days from the date of being served with a copy of this Report and Recommendations within which to file written objections, if any, with the District

---

[5] Both Mr. Hansen and Mr. Zarley included receipts related to what they paid Aware Choice Limited. The Undersigned will not consider those receipts because Plaintiffs' Motion is exclusively as to the Motion Defendants and provides no background or information as to Aware Choice Limited.

Judge. Each party may file a response to the other party's objection within 14 days of the objection. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in the Report except upon grounds of plain error if necessary in the interests of justice. *See* 29 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

**RESPECTFULLY RECOMMENDED** in Chambers, Miami, Florida, on January 5, 2024.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Robert N. Scola, Jr.
All Counsel of Record