UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 21-CV-23472-SCOLA/GOODMAN

RYAN BIRMINGHAM, ROMAN LEONOV,
STEVEN HANSEN, MITCHELL PARENT, and
JONATHAN ZARLEY

    Plaintiffs,

v.

ALEX DOE, *ET AL.*,

    Defendants,

and

Bank of America, N.A.,

    Garnishee.

_____/

**REPORT AND RECOMMENDATIONS ON**
**PLAINTIFFS' MOTION FOR ENTRY OF FINAL GARNISHMENT JUDGMENT**

In this civil Racketeer Influenced and Corrupt Organizations Act ("RICO") case, "Plaintiffs moved for an entry of default judgment on the issue of damages for their unjust enrichment claim." [ECF No. 253 (citing ECF No. 244)]. The Court granted Plaintiffs' motion as to multiple defendants[1] and entered final default judgment in Plaintiffs' favor. *Id*. In the

---

[1] These defendants include Notus, LLC; Global E-Advantages, LLC; Easy Com, LLC; ShopoStar, LLC ("ShopoStar"); and Grovee, LLC. [ECF No. 244].

Court's Order on Final Default Judgment, Senior United States District Judge Robert N. Scola, Jr. ordered ShopoStar to pay Plaintiffs a collective total of $1,116,000.00. *Id*.

Plaintiffs now move for entry of a final judgment for garnishment against ShopoStar.[2] Judge Scola referred this motion to the Undersigned "for a report and recommendations pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and the Local Magistrate Judge Rules." [ECF No. 264]. For the reasons below, the Undersigned **respectfully recommends** that the District Court **grant in part** and **deny in part** Plaintiffs' motion.

**I.     Applicable Legal Standard and Analysis**

Under Federal Rule of Civil Procedure 69(a)(1), garnishment proceedings must follow the law of the state where the Court is located. *See* Fed. R. Civ. P. 69(a)(1). "Florida law requires garnishment statutes to be strictly construed." *Skulas v. Loiselle*, No. 09-60096-CIV, 2010 WL 1790439, at *1 (S.D. Fla. Apr. 9, 2010), *report and recommendation adopted*, No. 09-60096-CIV, 2010 WL 1790433 (S.D. Fla. May 5, 2010) (citing *Gigliotti Cont. N., Inc. v. Traffic Control Products of N. Fla, Inc.*, 788 So. 2d 1013, 1016 (Fla. 2d DCA 2001)). "[C]hapter 77 of the Florida Statutes prescribes the procedure for issuance and enforcement of writs of garnishment." *Inversiones Y Procesadora Tropical Inprotsa, S.A. v. Del Monte Int'l GMBH*, No. 16-24275-CV, 2020 WL 6384878, at *4 (S.D. Fla. Aug. 5, 2020), *report and recommendation*

---

[2]     There are numerous defendants in this action. However, Plaintiffs' motion [ECF No. 263] solely relates to ShopoStar.

*adopted*, No.16-24275-CIV, 2020 WL 6384299 (S.D. Fla. Oct. 30, 2020).

Once a garnishee is served with a writ, he or she becomes "liable for all debts due by him or her to a defendant, and for any tangible or intangible personal property of the defendant in the garnishee's possession or control at the time of service of the writ or at any time between service and the time of the garnishee's answer." *Engel v. Health Scis. Grp., Inc.*, No. 6:09-MC-67-ORL-28KRS, 2009 WL 3535499, at *2 (M.D. Fla. Oct. 28, 2009) (citing Fla. Stat. § 77.06(1)). Plaintiffs are obligated to "file a certificate of service certifying that [they] mailed to the defendant a copy of the write of garnishment and a copy of the motion for writ of garnishment." *Id.* (citing Fla. Stat. 77.041(2)).

"Within 5 days after service of the garnishee's answer on the plaintiff or after the time period for the garnishee's answer has expired, the plaintiff shall" serve the defendant by mail with a copy of the answer and a notice advising the defendant "that he or she must move to dissolve the writ of garnishment" within 20 days of service "if any allegation in the plaintiff's motion for writ of garnishment is untrue." Fla. Stat. § 77.055. If a plaintiff is not satisfied with a garnishee's answer, then he or she shall serve a reply within 20 days denying the answer's allegations. Fla. Stat. § 77.083. However, if the plaintiff does not file a reply, then the garnishee's answer is taken as true. Fla. Stat. § 77.061.

"Judgment against the garnishee on the garnishee's answer or after trial of a reply to the garnishee's answer shall be entered for the amount of his or her liability as disclosed by the answer or trial." Fla. Stat. § 77.083. This judgment may not exceed either the amount

remaining unpaid on the final judgment or the amount of the garnishee's liability to the defendant. *Id*. If there is an outstanding balance on a final judgment and a separate amount relating to the garnishee's liability to the defendant, then the Court will enter the lesser amount against the garnishee. *Id*.

A review of the record demonstrates that Plaintiffs complied with Florida's statutory requirements for an entry of a final garnishment judgment. After the Court entered final default judgment in Plaintiffs' favor, they filed a Motion for Writ of Garnishment as to Bank of America ("BoA"), and the statutorily-required certificate of service. [ECF Nos. 254–55]. BoA filed its answer to Plaintiffs' Writ of Garnishment motion, and Plaintiffs served[3] that answer on ShopoStar. [ECF Nos. 257; 260–62].[4] ShopoStar did not move to dissolve the writ nor did Plaintiffs file a reply to BoA's answer.[5] Therefore, BoA's answer is taken as true. *See* Fla. Stat. § 77.061.

Plaintiffs' motion requests the Court to enter a final garnishment judgment in its favor, requiring BoA to pay Plaintiffs $145,455.66. [ECF No. 263]. BoA's answer identifies two accounts possibly subject to the Writ of Garnishment. One account is in Florida ("FL Account No. 1507") and the other is in South Carolina ("SC Account No. 5526"). [ECF No.

---

[3]   Plaintiffs also informed ShopoStar of its right to dissolve the writ within 20 days of service. [ECF Nos. 260; 262].

[4]   After BoA filed its amended answer [ECF No. 261], Plaintiffs served ShopoStar with the statutorily-required notice [ECF No. 262]. *See* Fla. Stat. § 77.055.

[5]   This also includes BoA's amended answer.

261, p. 2]. Currently, FL Account No. 1507 contains $68,320.71, and SC Account No. 5526 contains $4,457.12. *Id*. BoA's answer additionally includes a $100.00 statutory garnishment fee in exchange for the Court's "proper disposition of any funds held pursuant to the Writ of Garnishment[.]" *Id*. at 3.

As previously stated, Plaintiffs' recovery is limited to the lesser amount between the final judgment's outstanding balance and the amount relating to BoA's liability to Shopstar. *See*. Fla. Stat. § 77.083. Plaintiffs' request is based on the outstanding balance from the Court's judgment. [ECF No. 263-1, ¶ 1].[6] BoA does not object to the language in Plaintiffs' proposed order, and Plaintiffs do not object to BoA's $100.00 garnishment fee. *Id*. at ¶ 2; [ECF No. 263, p. 3 n.2].

Plaintiffs are entitled to the funds in FL Account No. 1507 but does this Court have jurisdiction over SC Account No. 5526?

"A statutory proceeding in garnishment, however is not an action *in personam*, nor is it, strictly speaking, a proceeding *in rem*. Partaking of the nature of both, it is frequently classified as a proceeding *quasi-in-rem*." *U. S. Rubber Co. v. Poage*, 297 F.2d 670, 673 (5th Cir. 1962) (internal citations omitted).[7] Florida courts "have held that a court presiding over a

---

[6] In his Final Default Judgment Order, Judge Scola ordered ShopoStar to pay Plaintiffs a total of $1,116,000.00 ($500,000 to Plaintiff Hansen, $557,000 to Plaintiff Zarley; and $59,000 to Plaintiff Leonov). [ECF No. 253].

[7] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the Fifth Circuit issued before the close of business on September 30, 1981.

writ of garnishment must not only have personal jurisdiction over the garnishee, but also **jurisdiction over the property or 'res' that is the subject of the writ of garnishment**." *Stansell v. Revolutionary Armed Forces of Colom. (FARC)*, 149 F. Supp. 3d 1337, 1339 (M.D. Fla. 2015) (emphasis added) (citing *APR Energy, LLC v. Pakistan Power Res., LLC*, No. 3:08-CV-961-J-25MCR, 2009 WL 425975, at * 2 (M.D. Fla. Feb. 20, 2009)); *see also, Harris v. City of Sarasota*, 132 Fla. 568, 181 So. 366, 369 (1938) (holding that "an action *quasi in rem* requires a seizure of property within the jurisdiction of the court or its equivalent").

BoA is a modern banking institution, and "[a]fter all, modern banking is mostly performed online, with customers having worldwide access to electronic accounts, maintained by large financial institutions without the need to hold such 'funds' at a fixed situs." *Stansell v. Revolutionary Armed Forces of Colom.*, No. 19-20896-CV, 2019 WL 5291044, at *7 (S.D. Fla. Aug. 21, 2019), *report and recommendation adopted sub nom. Stansell v. Revolutionary Armed Forces of Columbia*, No. 19-20896-CIV, 2019 WL 5290922 (S.D. Fla. Sept. 26, 2019) (citing *McCarthy v. Wachovia Bank, N.A.*, 2008 WL 5145602, at *5 (E.D.N.Y. Dec. 4, 2008) ("It can certainly be argued that such assets are located both everywhere, and nowhere . . . .There is no question that modern banking makes [the] [p]laintiff's funds available to him at any branch in the country and likely, the world.")).

When BoA listed the account numbers "which may be subject to the Writ of Garnishment," it included three headings: "Account Number(s)", "Name on Account", and "State Where the Account is Located[.]" [ECF No. 261, p. 2]. It attached a footnote to its

6

"State Where the Account is Located" heading defining the term "State" as a place "where the account was opened or where the financial center that maintains the account is located." *Id*. at 2 n.1. BoA does not include any attachments or information indicating that SC Account No. 5526 is exclusively in South Carolina as a location where the account was opened and maintained.

Additionally, the Undersigned notes that BoA did not object[8] to Plaintiffs' request, and that "Florida's garnishment statutes **contain no express territorial limitation** on the location of the property within the garnishee's control." *Fed. Deposit Ins. Corp. for GulfSouth Private Bank v. Amos*, No. 3:12CV548/MCR/EMT, 2017 WL 9439161, at *5 (N.D. Fla. Jan. 10, 2017), *report and recommendation adopted in part sub nom. Fed. Deposit Ins. Corp. v. Amos*, No. 3:12CV548/MCR/EMT, 2017 WL 772340 (N.D. Fla. Feb. 28, 2017) (emphasis added). However, "while personal jurisdiction may be waived, '*in rem* jurisdiction is a very special type of necessary judicial subject matter jurisdiction' under Florida law—one that **cannot** be waived." *Id*. at *6 (emphasis added) (citing *Ctr. Cap. Corp. v. Gulfstream Crane, LLC*, No. 09-61021-CIV, 2009 WL 4909430, at *7 (S.D. Fla. 2009) (holding that "a party cannot waive *in rem* jurisdiction under Florida law, and a court proceeding pursuant to *in rem* jurisdiction

---

[8] Specifically, BoA did not object to the proposed order attached to Plaintiffs' motion. [ECF No. 263, p. 3 n.2 ("Garnishee's counsel has reviewed the language of the [p]roposed [o]rder, and **consents to entry of this [p]roposed [o]rder as drafted**." (emphasis added))]. In its amended answer, BoA states that it "will not turn over (pay out) any of the funds . . . from the accounts located outside of the State of Florida, unless specifically directed to do so by Court order." [ECF No. 261, ¶ 1(c)].

must actually possess *in rem* jurisdiction over the property that is the subject of the matter" (other citations omitted))).

It is Plaintiffs' burden to demonstrate "that the Court has jurisdiction to issue the writ to a garnishee located outside this Court's jurisdictional boundaries." *Lapinski v. St. Croix Condo. Ass'n, Inc.*, No. 616CV1418ORL40GJK, 2019 WL 1491568, at *1 (M.D. Fla. Jan. 24, 2019) (citing *APR Energy, LLC v. Pakistan Power Res., LLC*, No. 3:08-cv-961-J-25MCR, 2009 WL 425975, at *1–2 (M.D. Fla. Feb. 20, 2009) (finding that "not only must the [c]ourt have personal jurisdiction over [the] [g]arnishee, but it must also have jurisdiction over the property to be garnished"); *Skulas v. Loiselle*, 2010 WL 1790439, at *2–3 (following *APR Energy*)); *Am. Veteran Enter. Team, LLC v. Silver Falcon, Inc.*, No. 6:21-CV-647-CEM-EJK, 2021 WL 2446261, at *3 (M.D. Fla. Apr. 30, 2021) (same). Here, Plaintiffs' motion does not address whether this Court has jurisdiction over both BoA accounts.[9] The motion focuses on whether Plaintiffs' request is ripe rather than why they are entitled to their request for relief.

Therefore, the Undersigned **respectfully recommends** that the Court **grant in part** Plaintiffs' motion [ECF No. 263] with respect to FL Account No. 1507 and permit BoA to subtract its $100.00 garnishment fee from that account pursuant to Fla. Stat. § 77.28. The Court should then **deny in part** Plaintiffs' motion with respect to SC Account No. 5526 because Plaintiffs failed to establish the Court's jurisdiction over it. If the Court adopts this

---

[9] Also, Plaintiffs waived any arguments or defenses with regards to BoA's answer because they did not file a reply. *See* Fla. Stat. § 77.061.

Report and Recommendations, then it should instruct Plaintiffs to address this jurisdictional issue in any future filings.

## II.     Objections

The parties will have 14 days from the date of being served with a copy of this Report and Recommendations within which to file written objections, if any, with Senior United States District Judge Robert N. Scola, Jr. Each party may file a response to the other party's objection within 14 days of the objection. Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of Justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

**RESPECTFULLY RECOMMENDED** in Chambers, in Miami, Florida, on October 28, 2024.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Robert N. Scola, Jr.
All Counsel of Record