United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Ryan Birmingham and others, Plaintiffs, | ) ) ) |
| v. | ) Civil Action No. 21-23472-Civ-Scola ) ) |
| ROFX.net and others, Defendants. | ) |

### Order Adopting Magistrate Judge's Report and Recommendation and Final Judgment in Garnishment

The Court previously granted the Plaintiffs' motion for default judgment on the issue of damages for their unjust enrichment claim as to the following Defendants: Notus, LLC; Global E-Advantages, LLC; Easy Com, LLC; ShopoStar, LLC ("ShopoStar"); and Grovee, LLC. (ECF No. 252.) The Plaintiffs subsequently moved for entry of final judgment in garnishment against Defendant ShopoStar. (ECF No. 263.) The Court referred the motion to United States Magistrate Judge Jonathan Goodman for a report and recommendations, consistent with 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of the Local Magistrate Judge Rules. (ECF No. 264.)

On October 28, 2024, Judge Goodman issued a report, recommending that the Court grant in part and deny in part Plaintiffs' motion. (Rep. & Rec. 2, ECF No. 265.) Specifically, Judge Goodman recommended the Court grant in part Plaintiffs' motion "with respect to FL Account No. 1507 and permit BoA to subtract its $100.00 garnishment fee from that account pursuant to Fla. Stat. § 77.28" and deny in part Plaintiffs' motion "with respect to SC Account No. 5526 because Plaintiffs failed to establish the Court's jurisdiction over it." (*Id.* at 8.)

None of the parties objected to the report and recommendations, but the Plaintiffs filed a limited response for clarification purposes. (ECF No. 266.) Specifically, Plaintiffs note that the R&R quotes the following language from Plaintiffs' motion: "Garnishee's counsel has reviewed the language of the Proposed Order, and consents to entry of this Proposed Order as drafted." (*Id.*) (citing Rep. & Rec. 7, n.8.) Plaintiffs now assert that this statement "was not entirely accurate" and seek to clarify that "Garnishee's counsel **does not object to the form** of this Proposed Order as drafted. Garnishee's counsel **does not have a position as to the contents** of this Proposed Order, other than payment of the statutory attorney fee." (*Id.*) (emphasis in original). Otherwise,

the Plaintiffs have no objections to the R&R and request the Court adopt it and enter final judgment for Plaintiffs and against Garnishee Bank of America, N.A. (*Id.*) Plaintiffs' clarification does not affect or alter the analysis in Judge Goodman's report and recommendations.

A district court judge must conduct a de novo review of only "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636. Where no objections are made, a report may be adopted in full without conducting a de novo review, provided no plain error exists. *See id.*; *Menendez v. Naples Cmty. Hosp. Inc.*, No. 2:20-CV-898-SPC-MRM, 2021 U.S. Dist. LEXIS 215317, 2021 WL 5178496, at *1 (M.D. Fla. Nov. 8, 2021) (collecting cases).

The Court has considered Judge Goodman's report, the record, and the relevant legal authorities. The Court finds Judge Goodman's report and recommendations cogent and compelling. The Court **affirms** and **adopts** Judge Goodman's report and recommendations. (**ECF No. 265**.) The Court **grants in part and denies in part** Plaintiffs' motion for entry of final garnishment judgment. (**ECF No. 263**.) Specifically, the Court grants the Plaintiffs' motion with respect to the $68,320.71 (*see* ECF No. 261) in FL Account No. 1507 and permits Bank of America to subtract its $100.00 garnishment fee from that account pursuant to Fla. Stat. § 77.28. The Court denies Plaintiffs' motion with respect to the $4,457.12 in SC Account No. 5526 because Plaintiffs failed to establish the Court's jurisdiction over the account. Should the Plaintiffs seek to garnish this account in the future, they must meet their burden of establishing the Court's jurisdiction to issue the writ to a garnishee outside the Court's jurisdictional boundaries. Accordingly, it is hereby **ordered** and **adjudged**:

1. This Final Judgment in Garnishment is entered in favor of Judgment Creditors and against Bank of America, N.A. ("Garnishee") for the Shopostar, LLC's ("Shopostar") funds held by Garnishee in FL Account No. 1507, or $68,320.71 ("Garnished Funds"), in partial satisfaction of the Final Default Judgment entered in this action against Shopostar (*see* ECF No. 253), for which let execution issue forthwith.
2. Pursuant to Fla. Stat. § 77.28, Garnishee seeks $100.00 in attorney's fees ("Garnishment Fee") against Judgment Creditors, which pursuant to the statute may be offset by the Garnishee against the Garnished Funds. Accordingly, Garnishee is hereby authorized to subtract its Garnishment Fee from the Garnished Funds, in complete satisfaction of its fees and expenses associated with this matter.
3. Pursuant to the foregoing, Garnishee is directed to pay the remaining balance of the Garnished Funds, or $68,220.71, to Judgment Creditors'

counsel within ten (10) business days of the date of this order in accordance with the following payee information:

Holland & Knight LLP Retainer Account[1]
524 Grand Regency Blvd.
Brandon, FL 33510
Phone: 813.901.4200

**Done and ordered** in Miami, Florida, on December 6, 2024.

_____
Robert N. Scola, Jr.
United States District Judge

---

[1] Specific wire instructions will be separately provided to Garnishee's counsel.